Alberto Mendoza **MARMOLEJO,**
Petitioner,

v.

Alberto R. **GONZALES,** Attorney
General, Respondent.

No. 03–74372.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 7, 2006.

Filed March 10, 2006.

---

Alberto Mendoza Marmolejo, Santa Paula, CA, for pro se.

Nelson Mendez, Oxnard, CA, Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Emily A. Radford, Esq., Thomas K. Ragland, Esq., DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: PREGERSON, W. FLETCHER, and BYBEE, Circuit Judges.

## MEMORANDUM *

Alberto Marmolejo appeals the BIA's decision that he is removable. We have jurisdiction pursuant to 8 U.S.C. § 1252, and we grant the petition. The facts are known to the parties and are not recited here.

The parties ask that the original appeal from the IJ's decision and the supplemental evidence of the vacated conviction be considered together as a single appeal on the question of removability. The issue before us, then, is whether the Government has shown, by clear and convincing evidence, that Marmolejo is removable based on his conviction for "failure to provide" pursuant to California Penal Code § 270. *See* 8 C.F.R. § 1240.8; *Sissoko v. Rocha,* 412 F.3d 1021, 1035 n. 24 (9th Cir.2005). We review de novo the BIA's conclusion that Marmolejo is removable. *Lara–Cazares v. Gonzales,* 408 F.3d 1217, 1219 (9th Cir.2005) (citations omitted).

■ We conclude that the Government has not met its burden to show that Marmolejo is removable. A vacated conviction can serve as the basis of removal if the conviction was vacated for reasons "unrelated to the merits of the underlying criminal proceedings," that is, for equitable or humanitarian reasons. *Matter of Pickering,* 23 I. & N. Dec. 621, 624, 2003 WL

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

21358480 (BIA 2003). But a conviction vacated because of a "procedural or substantive defect" is not considered a "conviction" for immigration purposes and cannot serve as the basis for removability. *Id.* It is unclear from the record why Marmolejo's original conviction was vacated by the Superior Court of Santa Barbara County. The minute orders show that the conviction was vacated under California Penal Code § 1385, "in the interest of justice," an amorphous concept that encompasses a broad range of relief. *See People v. Superior Court (Romero)*, 13 Cal.4th 497, 53 Cal.Rptr.2d 789, 917 P.2d 628, 648 (1996). Given this ambiguity, we do not believe the Government has met its burden to show that Marmolejo's conviction was vacated for equitable or humanitarian reasons.

The BIA rested its decision on an alternative ground: that Marmolejo was removable based on his conviction under California Penal Code § 166(a)(4), "disobeying a court order," the charge to which he pleaded nolo contendere after his original plea was withdrawn. Because California Penal Code § 166(a)(4) is a general criminal contempt statute that does not, in any way, contemplate child abuse or neglect, we cannot uphold the BIA's decision on this alternative ground.

Accordingly, the petition is GRANTED and the order of removal is VACATED.