Filed 9/26/14  P. v. Rodriguez CA6

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

### IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H039414 |
| Plaintiff and Respondent, | (Monterey County Super. Ct. No. MK970039) |
| v. | |
| MARIO YEPEZ RODRIGUEZ, | |
| Defendant and Appellant. | |

Defendant Mario Yepez Rodriguez challenges the denial of his motion to vacate his 1997 conviction under Penal Code section 1016.5,[1] which included his suggestion that the court dismiss his prior conviction under section 1385.  The superior court found that defendant had been properly advised of the immigration consequences of his 1997 plea, and it declined defendant's section 1385 "suggestion."  Defendant claims that both rulings were erroneous, but we find no error in the superior court's denial of defendant's motion.

---

[1] Subsequent statutory references are to the Penal Code unless otherwise specified.

## I. Background

Defendant was arrested on March 29, 1997 for felony possession of a controlled substance (cocaine) (Health & Saf. Code, § 11350), misdemeanor being under the influence of a controlled substance (Health & Saf. Code, § 11550, subd. (a)), and misdemeanor being a minor on premises where alcohol is sold (Bus. & Prof. Code, § 25665). On March 31, 1997, he was arraigned and charged by complaint with those three offenses. At the arraignment, defendant pleaded guilty to the felony count, and the two misdemeanor counts were dismissed under section 1385. Defendant orally stated on the record that he understood the "waiver of rights form" that he had signed that day.

The "waiver of rights" form (waiver form) bore defendant's initials next to each paragraph and his signature at the bottom. The space for the identification of the offense to which defendant was pleading had been left blank, but the waiver form stated that defendant understood that the maximum sentence for the offense was "3 years." Defendant had initialed the paragraph that read: "I understand that if I am not a citizen of the United States a plea of 'Guilty/No Contest' could result in deportation, exclusion from admission to this country, and/or denial of naturalization." The superior court judge accepted his plea and signed the waiver form.

Defendant was granted deferred entry of judgment (DEJ) diversion in June 1997. In June 1998, defendant's 1997 conviction was dismissed under section 1385 after he completed a diversion program. Defendant became a lawful permanent resident of the United States in 2003. He suffered a second cocaine possession conviction in October 2003. That conviction was dismissed after he again completed DEJ diversion. In March 2012, removal proceedings were initiated against defendant based on his two convictions.

In December 2012, defendant filed a motion to vacate his 1997 conviction under section 1016.5, subdivision (b) on the ground that he had not been properly advised of the immigration consequences of his plea. He alternatively asked the court to dismiss his

2

1997 conviction or strike the name of the controlled substance under section 1385. Defendant's declaration stated that he "did not realize when I signed the waiver form what the charge was that I was being warned about immigration consequences for. I was told through an interpreter to just initial everything even though the charge was blank."

The court denied defendant's motion. It found that he had been "properly advised of the immigration consequences of his plea as provided under PC 1016.5 . . . ." As to the request that the court dismiss the conviction under section 1385, the court found "no basis or authority for it because the case had been dismissed once before and a case that's been dismissed once cannot be dismissed again." Defendant timely filed a notice of appeal from the court's order and obtained a certificate of probable cause.

## II. Discussion

Section 1016.5 mandates that, before accepting a guilty or no contest plea, the court must advise the defendant that the plea "may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States." (§ 1016.5, subd. (a).) "If, after January 1, 1978, the court fails to advise the defendant as required by this section and the defendant shows that conviction of the offense to which defendant pleaded guilty or nolo contendere may have the consequences for the defendant of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States, the court, on defendant's motion, shall vacate the judgment and permit the defendant to withdraw the plea of guilty or nolo contendere, and enter a plea of not guilty. Absent a record that the court provided the advisement required by this section, the defendant shall be presumed not to have received the required advisement." (§ 1016.5, subd. (b).)

"To prevail on a motion brought pursuant to Penal Code section 1016.5, a defendant must establish: (1) he or she was not properly advised of the immigration consequences as provided by the statute; (2) there exists, at the time of the motion, more

3

than a remote possibility that the conviction will have one or more of the specified adverse immigration consequences; and (3) he or she was prejudiced by the nonadvisement, i.e., if properly advised, he or she would not have pleaded guilty or nolo contendere." (*People v. Dubon* (2001) 90 Cal.App.4th 944, 951-952 (*Dubon*).) We review the superior court's denial of the motion for abuse of discretion. (*People v. Chien* (2008) 159 Cal.App.4th 1283, 1287.)

Defendant's section 1016.5 argument fails because the "record" in this case shows "that the court provided the advisement required by" section 1016.5. (§ 1016.5, subd. (b).) Defendant's contention to the contrary is based solely on his claim that the waiver form's failure to identify the offense rendered it invalid. He ignores the fact that the waiver form was completed at the arraignment at which he entered his plea and that the minutes of the arraignment affirmatively establish that he acknowledged his understanding of the waiver form, which included the section 1016.5 advisement, when he entered his plea to the possession count. Nothing in section 1016.5 precludes the use of *multiple records* to establish that the requisite advisement was given. Defendant could not have harbored any misunderstanding as to what charge the waiver form pertained to in light of the fact that he was pleading guilty to only a single count at the hearing at which he completed the waiver form and orally acknowledged his understanding of it. We note that the waiver form could only have pertained to the felony possession count since it specified a maximum term (three years) that was inconsistent with the other two counts, which were both misdemeanors. Defendant was represented by counsel at the arraignment, and he acknowledged that he had discussed his plea with his attorney.

Defendant claims that a court is generally required to "verbally" provide the advisement, and there is an "exception" to that requirement only where a valid waiver form shows that the defendant received the required advisement. He misunderstands the law. The case upon which he relies for this proposition, *People v. Ramirez* (1999) 71 Cal.App.4th 519 (*Ramirez*), actually says "there is no language [in section 1016.5] which

4

states the advisements must be verbal, only that they must appear on the record and must be given by the court." (*Ramirez,* at p. 521.) "So long as the advisements are given, the language of the advisements appears in the record for appellate consideration of their adequacy, and the trial court satisfies itself that the defendant understood the advisements and had an opportunity to discuss the consequences with counsel, the legislative purpose of section 1016.5 is met." (*Ramirez,* at p. 522.)

All of the requirements set forth in *Ramirez* were satisfied here. The advisements were given in the waiver form, and defendant acknowledged them by initialing them, signing the form, and telling the judge that he understood the waiver form. The advisements in the waiver form satisfy section 1016.5, and defendant does not claim otherwise. Defendant explicitly acknowledged in the waiver form that he had "discussed . . . the consequences of my plea with my attorney." The court explicitly found, when it signed the waiver form, that defendant "understands . . . the consequences of the plea . . . ." The minutes from the arraignment state "defendant orally states that he has read and understands the acknowledgement of waiver of rights form . . . ." The minutes also establish that the trial court explicitly found, "[a]fter questioning the defendant," that defendant "understood the . . . consequences of his plea . . . ."

Defendant's reliance on *People v. Akhile* (2008) 167 Cal.App.4th 558 (*Akhile*) is misplaced. In *Akhile*, the defendant was advised of potential immigration consequences at his arraignment in December 1991. (*Akhile*, at p. 561.) He pleaded guilty in February 1992. The record did not reflect that section 1016.5 advisements were given at the time of his plea. (*Akhile*, at p. 561.) The Court of Appeal held that section 1016.5 requires that the advisements "must occur within the context of the taking of the plea," so the advisements two months earlier did not comply with section 1016.5. (*Akhile*, at p. 564.) The *Akhile* court noted that "a defendant may plead guilty to a different charge or charges than those involved at the arraignment, and some defendants may be confused as to whether the advisement continues to apply." (*Akhile*, at p. 564.)

Unlike *Akhile*, this case does not involve premature advisements. Defendant received the section 1016.5 advisements by way of the waiver form on the very day that he entered his plea, and he acknowledged orally before the court when he entered his plea that he understood the advisements in the waiver form. Thus, the advisements were given "within the context of the taking of the plea" and did not raise any of the concerns expressed in *Akhile*. Defendant expressly entered a plea to the possession count in open court at the same time that he acknowledged his understanding of the waiver form so he could not have been confused about the identity of the offense to which the advisements in the waiver form applied.

Defendant also maintains that the superior court erred in declining to dismiss the 1997 conviction under section 1385 on the ground that his plea was invalid due to the blank on the waiver form where the offense should have been identified. The apparent motivation for seeking such an order regarding a conviction already dismissed under section 1385 is that "[a] conviction vacated for rehabilitative or immigration reasons remains valid for immigration purposes, while one vacated because of procedural or substantive infirmities does not." (*Pickering v. Gonzales* (6th Cir. 2006) 465 F.3d 263, 266.) The problem with defendant's contention is that there was no evidence before the superior court that defendant's plea was invalid. The fact that the waiver form did not contain the identity of the offense did not render his plea invalid because he orally acknowledged in open court at the same time that he entered the plea to the single felony count that he understood the waiver form and all of its advisements. In this context, the omission of the identity of the offense from the waiver form was immaterial.

We also note that it is unclear whether an immigration court would necessarily conclude that the 1998 section 1385 dismissal of defendant's 1997 conviction did not eliminate the conviction for immigration reasons. "A vacated conviction can serve as the basis of removal if the conviction was vacated for reasons 'unrelated to the merits of the underlying criminal proceedings,' that is, for equitable or humanitarian reasons.

6

[Citation.] But a conviction vacated because of a 'procedural or substantive defect' is not considered a 'conviction' for immigration purposes and cannot serve as the basis for removability. [Citation.] It is unclear from the record why Marmolejo's original conviction was vacated by the Superior Court of Santa Barbara County. The minute orders show that the conviction was vacated under California Penal Code § 1385, 'in the interest of justice,' an amorphous concept that encompasses a broad range of relief. [Citation.] Given this ambiguity, we do not believe the Government has met its burden to show that Marmolejo's conviction was vacated for equitable or humanitarian reasons." (*Marmolejo v. Gonzales* (9th Cir. 2006) 173 Fed.Appx. 573, 574-575 (*Marmolejo*).) As in *Marmolejo*, defendant's 1997 conviction was dismissed by the court in 1998 under section 1385 in "furtherance of justice" without additional explanation. While defendant had completed a diversion program, the record reflects only: "diversion terminated, criminal proceedings are reinstated." Defendant could certainly argue, as did Marmolejo, that the record did not reflect that his conviction was dismissed for equitable or humanitarian reasons. In any case, as there was no basis for a second section 1385 dismissal on the ground that the plea was invalid, the superior court did not err in declining to enter one.

## III. Disposition

The order is affirmed.

 

_____

Mihara, J.

WE CONCUR:

_____

Elia, Acting P. J.

_____

Grover, J.