[No. H031010. Sixth Dist. Feb. 7, 2008.]

THE PEOPLE, Plaintiff and Respondent, v.
ROCKY CHIEN, Defendant and Appellant.

**COUNSEL**

Michael P. Thorman for Defendant and Appellant.

Edmund G. Brown, Jr., Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Gerald A. Engler, Assistant Attorney General, Martin S. Kaye and Catherine A. Rivlin, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**MIHARA, Acting P. J.**—On August 13, 1998, defendant Rocky Chien pleaded no contest to possession for sale of methamphetamine (Health & Saf. Code, § 11378). In October 2006, defendant moved to vacate his conviction and set aside his plea pursuant to Penal Code section 1016.5[1] on the ground of ineffective assistance of counsel. Defendant argued that his counsel failed to apprise him of, and to defend against, the adverse immigration consequences of his conviction. Possession for sale of a controlled substance is a drug trafficking offense under federal immigration law that triggers mandatory deportation. (See 8 U.S.C. §§ 1227(a)(2)(A)(iii), 1101(a)(43)(B), 1229b(a)(3).) Defendant appeals from the trial court's denial of his motion to vacate the conviction.

██ We conclude that section 1016.5 allows a court to vacate a conviction only if the *trial court* has failed to advise the defendant of potential adverse immigration consequences at the time of the plea. The statutory motion cannot be used to assert *defense counsel's* failure to provide adequate representation relating to immigration consequences. We therefore affirm the trial court's order denying defendant's motion to vacate the conviction and to withdraw his plea.

---

[1] All further statutory references are to the Penal Code unless otherwise noted.

## I. Background

On August 13, 1998, defendant pleaded no contest to possession for sale of methamphetamine (Health & Saf. Code, § 11378), a felony, and possession of narcotic paraphernalia (Health & Saf. Code, § 11364), a misdemeanor. At the time, the trial court admonished defendant regarding potential immigration consequences, using the advisement provided in section 1016.5.[2] The trial court placed defendant on formal probation for three years, and stayed the 90-day jail sentence pending defendant's participation and completion of the treatment alternative program. He completed the program successfully.

As set forth in defendant's declaration, he is a citizen of Taiwan who immigrated to the United States with his family in 1987. Defendant was 12 years old at the time. He became a lawful permanent resident in 1988, and has resided in the United States for the last 20 years. He is not a United States citizen. In January 2006, defendant was detained by immigration authorities when reentering the United States and was issued a notice to appear for removal proceedings. He learned that he was subject to deportation, and would in fact be deported, due to his 1998 conviction for violation of section 11378 of the Health and Safety Code. Defendant graduated from college in 2000, after his conviction, and has no other criminal history.

At the time of defendant's plea, he was represented by counsel, now deceased. Defendant states that prior to his plea, defense counsel did not discuss the potential adverse immigration consequences of the plea or conviction. Defendant opines that counsel had no knowledge of the consequences.

According to defendant's current attorney of record, the 1998 conviction compels deportation; the immigration judge has no discretion in the matter due to the nature of the conviction. In contrast to defendant's conviction for possession for sale, a conviction for simple possession or for transportation of methamphetamine would not have resulted in the same adverse immigration consequences. Had current counsel been consulted at the time of defendant's plea, he would have recommended that defendant pursue these alternatives in negotiating his plea.

On June 27, 2006, defendant moved to vacate his conviction "based on the ground that at the time of the plea and sentencing, neither the defendant nor the other parties involved, including the court, were aware that the conviction

---

[2] The trial court stated: "[Y]ou're advised if you are not a citizen of the United States that conviction of this offense may have the consequences of deportation, exclusion from admission to the United States or denial of naturalization. Do you understand that?" Defendant answered in the affirmative.

would subject [him] to mandatory, permanent deportation." The trial court treated that motion as a petition for writ of error *coram nobis*, and denied the petition without hearing on July 7, 2006. The trial court also denied defendant's subsequent motion for reconsideration.

On October 17, 2006, defendant again filed a motion to vacate his conviction. This time, he brought a statutory motion under section 1016.5 based on the ground of ineffective assistance of counsel. He argued that his counsel knew that he was a noncitizen, but "never investigated the actual immigration consequences of defendant's plea, never advised . . . defendant of the immigration consequences of his plea, and never defended defendant's case with knowledge of the actual immigration consequences." Thus, defendant contended, his plea was the result of constitutionally defective assistance of counsel.

The trial court heard argument on December 5, 2006, and denied the motion. Prior to ruling, the trial court observed that it believed the court lacked "jurisdiction to reach the ineffective assistance of counsel argument on the 1016.5 motion." Defendant filed a timely notice of appeal.

## II. Discussion

Defendant argues that the trial court erred in concluding that it did not have jurisdiction to reach a claim of ineffective assistance of counsel on a motion brought under section 1016.5. We find no such error.

■ Before a state court accepts a plea of guilty or no contest, section 1016.5 requires that the court advise the defendant that if he or she is not a citizen, the conviction "may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization." (§ 1016.5, subd. (a).) The statute further provides that if "*the court* fails to advise the defendant as required" and the defendant shows that the conviction may have adverse immigration consequences, then the court shall, on the defendant's motion, vacate the judgment and allow the defendant to withdraw the plea. (§ 1016.5, subd. (b), italics added.) To obtain relief under section 1016.5, a defendant thus must demonstrate that (1) the court taking the plea failed to advise the defendant of the immigration consequences as provided by section 1016.5, (2) as a consequence of conviction, the defendant actually faces one or more of the statutorily specified immigration consequences, and (3) the defendant was prejudiced by the court's failure to provide complete advisements. (*People v. Superior Court (Zamudio)* (2000) 23 Cal.4th 183, 199–200 [96 Cal.Rptr.2d 463, 999 P.2d 686] (*Zamudio*); *People v. Totari* (2002) 28 Cal.4th 876, 884 [123 Cal.Rptr.2d 76, 50 P.3d 781].) We review the trial court's ruling denying the motion to vacate judgment for abuse of discretion. (*Zamudio*, at p. 192.)

Missing from defendant's section 1016.5 motion is any allegation that the trial court failed to provide the requisite advisement; indeed, it is undisputed that the trial court fulfilled its duty to advise under section 1016.5. Defendant instead argues that the statutory remedy established in section 1016.5 should extend to a failure not specified in the statute—counsel's failure to provide competent representation relating to the potential immigration consequences of conviction. In support of his argument, defendant cites the statute's purpose and the trial court's inherent duty to remedy constitutional deprivations.

Defendant argues generally that counsel's failure to advise of the immigration consequences of his plea impacts the fairness of defendant's plea—a concern expressed in section 1016.5. According to the statement of intent included in the statute, the Legislature was concerned with those circumstances in which "an individual who is not a citizen of the United States charged with an offense punishable as a crime" enters a plea of guilty or nolo contendere without "knowing that a conviction of such offense is grounds for deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States." (§ 1016.5, subd. (d).) The Legislature thus enacted section 1016.5 "to promote fairness to such accused individuals by requiring in such cases that acceptance of a guilty plea or plea of nolo contendere be preceded by an appropriate warning of the special consequences for such a defendant which may result from the plea."

The broad statement of intent in section 1016.5, subdivision (d), and its concern with fairness to the accused, does not override the section's narrow requirements and precise remedy. Section 1016.5 addresses only the trial court's duty to advise, not counsel's, and provides a specific remedy for that particular failure. Defendant nevertheless posits that section 1016.5, subdivision (c) empowers a trial court to grant relief whenever it will further the goals of subdivision (d). Defendant points, in particular, to the provision that states: "Nothing in this section . . . shall be deemed to inhibit a court, in the sound exercise of its discretion, from vacating a judgment and permitting a defendant to withdraw a plea."[3] (§ 1016.5, subd. (c).) Defendant contends that the cited provision applies to the entirety of section 1016.5, not just to subdivision (c), and thus "allows a court to vacate a judgment on grounds other than the court's failure to give the proper advisement." Even if the

---

[3] Section 1016.5, subdivision (c) states, in full: "With respect to pleas accepted prior to January 1, 1978, it is not the intent of the Legislature that a court's failure to provide the advisement required by subdivision (a) of Section 1016.5 should require the vacation of judgment and withdrawal of the plea or constitute grounds for finding a prior conviction invalid. Nothing in this section, however, shall be deemed to inhibit a court, in the sound exercise of its discretion, from vacating a judgment and permitting a defendant to withdraw a plea."

provision refers to the entirety of section 1016.5, which is doubtful given its placement in the statute, it does not empower the court as defendant suggests. The mere statement that a statute does not interfere with any other applicable authority or discretion does not grant additional authority or discretion.

Defendant also relies on *People v. Fosselman* (1983) 33 Cal.3d 572 [189 Cal.Rptr. 855, 659 P.2d 1144] (*Fosselman*) to support his argument for expansion of the court's authority under section 1016.5. In that case, the defendant brought a postconviction motion for a new trial pursuant to section 1181, which enumerates nine grounds for ordering a new trial. (*Fosselman*, at pp. 578, 582.) The defendant claimed ineffective assistance of counsel, which was not one of the specific grounds listed. (*Id.* at p. 582.) In considering the defendant's argument that the trial court should nevertheless have considered the merits of his ineffective assistance claim, the California Supreme Court stated: "[T]he statute should not be read to limit the constitutional duty of trial courts to ensure that defendants be accorded due process of law. 'Upon the trial judge rests the duty of seeing that the trial is conducted with solicitude for the essential rights of the accused.' . . . The Legislature has no power, of course, to limit his constitutional obligation by statute. . . . It is undeniable that trial judges are particularly well suited to observe courtroom performance and to rule on the adequacy of counsel in criminal cases tried before them. . . . Thus, in appropriate circumstances justice will be expedited by avoiding appellate review, or habeas corpus proceedings, in favor of presenting the issue of counsel's effectiveness to the trial court as the basis of a motion for new trial. If the court is able to determine the effectiveness issue on such motion, it should do so." (*Id.* at pp. 582–583, citations omitted.)

■ *Fosselman* thus stands broadly for the proposition that a defendant may bring a motion for a new trial based on constitutional grounds not specified in the new trial statute. More specifically, it holds that a trial court, prior to judgment, may grant a motion for a new trial if effectiveness of counsel can be determined based on counsel's trial performance observed by the court. Neither principle applies to the instant case. Unlike a motion for a new trial, a section 1016.5 motion does not touch upon a trial court's inherent duty to ensure that the accused is accorded a fair trial. Section 1016.5 instead establishes a specific court duty in the context of a plea and provides for an equally specific remedy. Moreover, a new trial motion is made prior to judgment, and *Fosselman* contemplates a determination of the effectiveness of counsel based on the court's own observations at trial. Section 1016.5 motions may be made years after judgment, as in this case, and proof of ineffective assistance in this context almost certainly would rely upon extrinsic evidence. Extension of the section 1016.5 motion to encompass ineffective assistance claims would not "expedite" justice in these circumstances. It would instead undermine the finality of the judgment.

Defendant also cites *In re Resendiz* (2001) 25 Cal.4th 230 [105 Cal.Rptr.2d 431, 19 P.3d 1171] (*Resendiz*) and *People v. Carty* (2003) 110 Cal.App.4th 1518 [2 Cal.Rptr.3d 851] (*Carty*) to support the contention that courts have broad power to achieve section 1016.5's legislative intent of ensuring knowing pleas. Neither case aids defendant's argument. In *Resendiz*, the California Supreme Court considered whether a proper trial court advisement pursuant to section 1016.5 shielded pleas from collateral attack based on immigration consequences. (*Resendiz*, at p. 240.) The court found that it did not, and that even if advised under section 1016.5, a defendant may bring a claim of ineffective assistance of counsel based on affirmative misadvice regarding immigration consequences. (*Resendiz*, at pp. 240–242.) The court did not hold, or even contemplate, that an ineffective assistance of counsel claim could be brought in a section 1016.5 motion. (See *Resendiz*, at pp. 240–242 [reviewing grant of writ of habeas corpus].)

The *Carty* court addressed whether the failure of a trial court to provide the section 1016.5 advisement can be raised in petition for writ of error *coram nobis*. (*Carty, supra*, 110 Cal.App.4th at p. 1521.) The Court of Appeal did not consider whether a defendant may raise an ineffective assistance of counsel claim in a section 1016.5 motion, and did not hold that a trial court has jurisdiction to consider such a claim in the context of the statutory motion. (See *Carty*, at pp. 1521, 1529, fn. 12.)

■ We find no basis to conclude that the statute grants the trial court broad authority to vacate a conviction based on any error or deficiency of counsel related to advisement of adverse immigration consequences. We therefore agree that the court lacked jurisdiction to address a claim of ineffective assistance of counsel in the context of a section 1016.5 motion. This ruling is likely to leave defendant without a remedy; a claim of ineffective assistance of counsel generally is not a proper basis for a petition for writ of error *coram nobis*, the time for appeal of the judgment has long since passed, and defendant is no longer in custody for purposes of a writ of habeas corpus.[4] (See *People v. Gallardo* (2000) 77 Cal.App.4th 971, 987 [92 Cal.Rptr.2d 161] ["A claim that the defendant was deprived of effective representation of counsel is not an appropriate basis for relief by writ of *coram nobis* and must be raised on appeal or by petition for writ of habeas corpus instead."]; see also *People v. Soriano* (1987) 194 Cal.App.3d 1470, 1482 [240 Cal.Rptr. 328] [affirming denial of petition for writ of *coram nobis* but granting writ of habeas corpus based on attorney's failure to adequately advise the defendant of the immigration consequences of his plea].) Although

---

[4] We note, however, that several issues relating to a defendant's ability to bring a postjudgment ineffective assistance of counsel claim based on immigration consequences are pending before the California Supreme Court in *People v. Kim*, review granted July 25, 2007, S153183.

unfortunate, the lack of an available remedy is not a sufficient basis to extend the applicability of an express statutory remedy.

## III. Disposition

The trial court's order denying defendant's motion to vacate his conviction and withdraw his plea pursuant to Penal Code section 1016.5 is affirmed.

McAdams, J., and Duffy, J., concurred.

Appellant's petition for review by the Supreme Court was denied May 14, 2008, S161762.