Filed 5/21/14  P. v. Gonzalez CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B248464 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. KA068258) |
| v. | |
| OSCAR CHAVEZ GONZALEZ, | |
| Defendant and Appellant. | |

      APPEAL from a judgment of the Superior Court of Los Angeles County.  Gilbert Rudy Ruiz, Judge.  Affirmed.

      Eduardo Paredes for Defendant and Appellant.

      Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Margaret E. Maxwell, Supervising Deputy Attorney General, and Tasha G. Timbadia, Deputy Attorney General, for Plaintiff and Respondent.

_____

Defendant Oscar Chavez Gonzalez appeals from an order denying his motion to vacate his 2004 conviction on the ground he was not advised of the immigration consequences of his no contest plea.

We affirm because the record reflects the trial court advised him of the potential immigration consequences of his plea, and defendant has failed to make a prima facie showing of ineffective assistance of counsel.

## BACKGROUND

### 1. Defendant's convictions

In October of 2004, defendant was charged with possession of methamphetamine; possession of a smoking device; misdemeanor resisting, obstructing, or delaying a peace officer; and destroying evidence. The latter two counts were dismissed pursuant to Penal Code section 1385.

On October 26, 2004, defendant pleaded no contest to possession of methamphetamine and a smoking device. He initialed and signed a written Advisement of Rights, Waiver, and Plea form that included the following language: "I understand that if I am not a citizen, my guilty or no contest plea will result in my deportation (removal), exclusion from admission to the United States, or denial of naturalization." Although the court reporter had no notes and could not prepare a transcript of the plea and sentencing hearing, the trial court's minute order reflects defendant was advised of his rights and the consequences of his potential plea, including the following: "If you are not a citizen, you are hereby advised that a conviction of the offense for which you have been charged will have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States." The minute order further reflects defense counsel joined in the waivers and concurred in the no contest pleas.

Imposition of sentence was suspended and defendant was placed on probation. Defendant was thereafter found in violation of his probation conditions three times, and on the third occasion, in 2010, the court revoked his probation and sentenced him to two

2

years in prison for possession of methamphetamine, with a concurrent 180-day sentence for possession of a smoking device.

## 2.    Defendant's motion to vacate his convictions

On September 17, 2012, defendant filed a "Motion to Vacate," seeking to vacate his convictions and allow him to withdraw his no contest pleas and instead plead not guilty.  The motion argued defendant had not been advised by either the court or his attorney of the immigration consequences of his no contest pleas.  Attached to the motion were a deportation order by a federal immigration judge and a hand-printed statement by defendant stating he was never informed that his pleas in his drug case could lead to his deportation and if he had been informed of this, he would have pleaded not guilty and gone to trial to avoid deportation.  The motion relied upon both Penal Code section 1016.5[1] [motion to vacate for trial court's failure to advise regarding immigration consequences of a plea] and *Padilla v. Kentucky* (2010) 559 U.S. 356 [130 S.Ct. 1473] [effective assistance of counsel requires counsel to inform defendant whether plea carries risk of deportation].

The trial court denied defendant's motion, citing the express advisement in the written Advisement of Rights, Waiver, and Plea form initialed and signed by defendant and the minute order reciting the court's advisement during the hearing.

DISCUSSION

## 1.    Section 1016.5

Section 1016.5 requires the trial court to advise a defendant of potential immigration consequences of a guilty or no contest plea and, upon a defendant's motion, requires a trial court to vacate any plea for which a defendant was not so advised. (§ 1016.5, subds. (a)–(b).)  The statute applies only to the trial court's failure to advise of such consequences, not counsel's.  (*People v. Chien* (2008) 159 Cal.App.4th 1283, 1285

---

[1] Undesignated statutory references are to the Penal Code.

3

(*Chien*).)  We review the trial court's denial of a section 1016.5 motion for abuse of discretion.  (*Chien*, at p. 1287.)

Defendant contends the trial court erred by denying his motion because his Advisement of Rights, Waiver, and Plea form "lacks a signed attestation by the trial attorney that counsel discussed the facts of the case and explained" the potential immigration consequences.  However, section 1016.5 applies only to the court, and requires no advisement by counsel.  (*Chien*, *supra*, 159 Cal.App.4th at p. 1285.)  The minute order of the October 26, 2004 hearing at which defendant entered his no contest pleas and the Advisement of Rights, Waiver, and Plea form establish the required advisement by the trial court.  Accordingly, the trial court did not abuse its discretion by denying defendant's motion.

**2.     Ineffective assistance of counsel**

A claim that counsel was ineffective requires a showing, by a preponderance of the evidence, of objectively unreasonable performance by counsel and a reasonable probability that, but for counsel's errors, the defendant would have obtained a more favorable result.  (*In re Jones* (1996) 13 Cal.4th 552, 561.)

Defendant's ineffective assistance of counsel claim should have been raised by means of a petition for a writ of habeas corpus, accompanied by a declaration from the attorney who represented defendant at the time of his pleas.  Nonetheless, even if we were to treat defendant's appeal from the trial court's order as a petition for a writ of habeas corpus, we would necessarily conclude defendant failed to make a prima facie showing of either objectively unreasonable performance by counsel or prejudice.  Defendant's motion was not accompanied by a declaration from either himself or the attorney who represented him when he entered his no-contest pleas.  The hand-printed statement by defendant attached to the motion was neither a declaration nor an affidavit.  Defendant therefore failed to make a prima facie showing that counsel failed to advise him of the potential immigration consequences of his plea.  Because the record demonstrates the trial court advised defendant of the potential immigration consequences

twice—in a paragraph initialed by defendant in the Advisement of Rights, Waiver, and Plea form and again orally during the hearing—defendant has not, and indeed cannot, make a prima facie showing he was prejudiced by counsel's purported failure to advise.

Accordingly, the trial court properly rejected defendant's motion to the extent it was based upon ineffective assistance of counsel.

## DISPOSITION

The order from which defendant appealed is affirmed.

NOT TO BE PUBLISHED.


MILLER, J.*

We concur:


CHANEY, Acting P. J.


JOHNSON, J.

---

* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.