Filed 8/7/15  P. v. Felix CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

THE PEOPLE,

    Plaintiff and Respondent,

v.

LUIS FERNANDO FELIX,

    Defendant and Appellant.

E061973

(Super.Ct.No. FWV032490)

O P I N I O N

APPEAL from the Superior Court of San Bernardino County.  Jon D. Ferguson, Judge.  Affirmed.

Law Office of Zulu Ali and Zulu Ali for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, and Barry Carlton and Christopher P. Beesley, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant and appellant Luis Fernando Felix appeals from the trial court's ruling denying his motion to vacate his 2005 conviction for drug possession.  Defendant moved

to vacate the conviction on the ground that the trial court did not ensure that he was adequately advised of the immigration consequences of his guilty plea, as provided for in Penal Code section 1016.5.[1]  For the reasons discussed below, we affirm the court's ruling.

## PROCEDURAL HISTORY

On January 6, 2005, defendant pled guilty to one count of felony possession of ephedrine with intent to manufacture methamphetamine.  (Health & Saf. Code, § 11383, subd. (c)(1).)  Acknowledgement No. 14 as printed on the plea form states:  "I understand that if I am not a citizen of the United States, deportation, exclusion from admission to the United States, or denial of naturalization *may result* from a conviction of the offense(s) to which I plead guilty . . . ."  (Italics added.)  However, there is a handwritten notation in which the word "may" is crossed out and replaced with "will," along with defendant's initials, "LF," directly next to the change.

A reporter's transcript of the plea hearing has not been made part of the record on appeal, presumably because it is unavailable.  The minute order for that hearing reads, in relevant part, as follows:  "The Court, after readvisement of each of these rights, finds that the Defendant understands the charge(s), the possible penalties, right against self-incrimination, to confront and cross examine witnesses, to a public and speedy trial, to Jury trial, to have an attorney present at all stages of the proceedings and to the Public Defender if indigent and to the compulsory process of the court to subpoena witnesses.

---

[1]  All further statutory references are to the Penal Code unless otherwise indicated.

Declaration by Defendant form filed." The minute order does not specifically report that the court re-advised defendant of the possible immigration consequences.

On May 28, 2014, defendant filed a motion to vacate his conviction on the ground that the trial court did not ensure that he was adequately warned before pleading guilty that the conviction may result in deportation. The People filed its opposition on July 3, 2014. The trial court heard the motion on July 15, 2014. The court explained as it denied the motion that, without a transcript of the oral proceedings, it must rely on the plea form. The court found it "clear and explicit" that defendant was informed of the immigration consequences because the word "may" was crossed out and the word "will" was inserted in the immigration advisal portion of the plea form.

Defendant appealed.

## DISCUSSION

Defendant argues the trial court erred when it determined that the court that took his guilty plea ensured he was adequately advised of the immigration consequences of his guilty plea.

Under section 1016.5, a defendant can obtain relief if he or she "demonstrate[s] that (1) the court taking the plea failed to advise the defendant of the immigration consequences as provided by section 1016.5, (2) as a consequence of conviction, the defendant actually faces one or more of the statutorily specified immigration consequences, and (3) the defendant was prejudiced by the court's failure to provide complete advisements." (*People v. Chien* (2008) 159 Cal.App.4th 1283, 1287, citing

3

*People v. Superior Court* (*Zamudio*) (2000) 23 Cal.4th 183, 199-200; *People v. Totari* (2002) 28 Cal.4th 876, 884.) As discussed below, we agree with the trial court that defendant has not met his burden to demonstrate that the original trial court failed to comply with section 1016.5.

Section 1016.5, subdivision (a), requires the following admonishment be given to any defendant entering a guilty plea: "If you are not a citizen, you are hereby advised that conviction of the offense for which you have been charged may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States."

The court is not necessarily required to provide the above warning orally. However, it must appear on the record, and it must be given by the court. (*People v. Gutierrez* (2003) 106 Cal.App.4th 169, 175; *People v. Ramirez* (1999) 71 Cal.App.4th 519, 521-522; *People v. Quesada* (1991) 230 Cal.App.3d 525, 536; cf. *People v. Panizzon* (1996) 13 Cal.4th 68, 83 [trial court "may rely upon a defendant's validly executed waiver form as a proper substitute for a personal admonishment" with respect to losing right to appeal a sentence after pleading no contest].)

"[T]he legislative purpose of section 1016.5 is to ensure a defendant is advised of the immigration consequences of his plea and given an opportunity to consider them. So long as the advisements are given, the language of the advisements appears in the record for appellate consideration of their adequacy, and the trial court satisfies itself that the defendant understood the advisements and had an opportunity to discuss the

4

consequences with counsel, the legislative purpose of section 1016.5 is met. [Citation.]" (*People v. Ramirez*, *supra*, 71 Cal.App.4th at p. 522.) "Nor need the statutory admonition be given orally. It is sufficient if, as here, the advice is recited in a plea form and the defendant and his counsel are questioned concerning that form to ensure that defendant actually reads and understands it." (*People v. Quesada*, *supra*, 230 Cal.App.3d at p. 536.)

A trial court's ruling on a section 1016.5 motion will withstand appellate review unless the record shows a clear abuse of discretion. (*People v. Superior Court (Zamudio)*, *supra*, 23 Cal.4th at p. 192.) In properly applying the standard of review, an appellate court must uphold the trial court's reasonable inferences and resolution of factual conflicts if supported by substantial evidence, viewed in the light most favorable to the ruling, and must also accept the court's credibility determinations. (*People v. Quesada*, *supra*, 230 Cal.App.3d at p. 533.) The trial court's inferences and conclusions here are supported by substantial evidence.

The advisal required by section 1016.5 is included in acknowledgment No. 14 of the plea form, as quoted above. As the trial court points out in denying defendant's motion to vacate, defendant even initialed where the printed form is notated by hand to show that deportation "will" result from the guilty plea, rather than "may" result. In addition, defendant's trial counsel signed the attorney statement providing that he "personally read and explained the contents of the above declaration to the defendant . . . ." Further, the English/Spanish interpreter signed the "certificate of interpreter" that

5

stated under penalty of perjury that "I translated the entire contents of this form from English to Spanish in the presence of and directly to the defendant . . . ." Finally, although we lack the record transcript of the plea hearing, and the minute order of that day does not report that the court re-advised defendant of the immigration consequences specifically, the minute order does state that: "The Court, after readvisement of each of these rights, finds that the Defendant understands the charge(s), the possible penalties . . . ."

Under the case law cited above, we cannot conclude from this record that the trial court abused its discretion when it denied defendant's motion to vacate, or that it based its ruling on less than substantial evidence. As the trial court noted, absent a record transcript of the plea hearing, we must rely on the face of the plea agreement, along with other evidence in the record, such as the minute order. Although the minute order is less than conclusive that the court specifically inquired of defendant regarding the immigration consequences advisal, the plea form strongly indicates defendant was so advised, and defendant points to nothing in the record that suggests otherwise. The judgment is affirmed.

## DISPOSITION

The court's order denying the motion to vacate is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

6

CUNNISON
J.*

We concur:

RAMIREZ
P. J.

CODRINGTON
J.

---

\* Retired judge of the Riverside Superior Court assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.