Filed 11/10/15  P. v. Aguilar CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B263041 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. VA132463) |
| v. | |
| JORGE ELIZ AGUILAR, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Marcelita V. Haynes, Judge.  Affirmed.

Law Office of Zulu Ali, Zulu Ali for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Steven D. Matthews, Supervising Deputy Attorney General, and Rama R. Maline, Deputy Attorney General, for Plaintiff and Respondent.

Defendant Jorge Eliz Aguilar (defendant) pled nolo contendere to felony battery and possession of a controlled substance charges. He subsequently filed a motion pursuant to Penal Code, section 1016.5[1] to vacate his plea on the ground that the trial court inadequately advised him of the immigration consequences of his plea. The trial court denied defendant's motion, and we consider whether the advisement defendant received when entering his guilty plea was sufficient.

## BACKGROUND

A two-count information filed October 30, 2013, charged defendant with battery (count 1, §§ 242/243, subd. (c)) and possession of a controlled substance (count 2, Health & Safe. Code, § 11377, subd. (a)).

Defendant pled no contest to both counts of the information at a hearing on November 13, 2013. His maximum sentencing exposure on the charges was three years and eight months in prison. Defendant and the People, however, agreed to a plea agreement whereby defendant would serve 90 days in county jail plus three years' probation. The trial court, through the Deputy District Attorney, advised defendant of the constitutional rights he was waiving by pleading guilty. In addition, and most important for our purposes, defendant was advised that his guilty plea would result in adverse immigration consequences if he was not a United States citizen:

> [DEPUTY DISTRICT ATTORNEY]: If you're not a citizen of the United States, your conviction in this case will result in your deportation, exclusion from admission to the United States, and denial of naturalization.

> Do you understand the immigration consequences?

> THE DEFENDANT: Yes.[2]

---

[1] Undesignated statutory citations that follow are to the Penal Code.

[2] Defendant's brief asserts he also filled out a written plea form. The form is not included in the record, but its absence is not material to our resolution of the appeal.

The trial court accepted defendant's plea, finding that he voluntarily, knowingly, and intelligently waived his rights and that his plea was made with an understanding of the nature and consequences of the plea.

The court sentenced defendant to 90 days in jail, with imposition of sentence suspended, and placed defendant on three years' probation. Shortly after his conviction, United States Immigration and Customs Enforcement detained defendant.

Just over a year after he was sentenced, defendant moved pursuant to section 1016.5 to vacate his conviction, contending that he did not receive a proper advisement about the immigration consequences of his plea. Defendant's declaration, submitted with the motion, averred that the trial court "never informed me that pleading guilty to the criminal charge at issue would subject me to mandatory deportation." Defendant further claimed that he would not have agreed to accept the plea deal had he known that entering a plea to the offenses of conviction would result in being subjected to mandatory deportation.

At a hearing on January 5, 2015, stand-in counsel for defendant requested a continuance of the hearing on defendant's section 1016.5 motion because defendant's attorney of record was engaged in another courtroom and could not be present. The court responded that defendant was "kind of wasting the court's time" because an immigration consequences advisement was reflected in the reporter's transcript of defendant's plea and sentencing hearing. But the court agreed to continue the matter to January 29, 2015. On that date, the trial court denied defendant's motion.[3]

## DISCUSSION

Section 1016.5 requires a trial court to administer the following advisement on the record before it accepts a defendant's plea of guilty or no contest:

> If you are not a citizen, you are hereby advised that conviction of the offense for which you have been charged may have the consequences of

---

[3]     The record contains no reporter's transcript of this hearing.

3

deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States. (§ 1016.5, subd. (a).)

Section 1016.5 further provides that if "the court fails to advise the defendant as required" and the defendant shows that the conviction may have adverse immigration consequences, the court must grant a motion to vacate the judgment and allow the defendant to withdraw the plea. (§ 1016.5, subd. (b).) To obtain that relief, a defendant must demonstrate that (1) the court failed to advise the defendant of the immigration consequences as provided by section 1016.5, (2) as a consequence of conviction, the defendant actually faces one or more of the statutorily specified immigration consequences, and (3) the defendant was prejudiced by the court's failure to provide complete advisements.[4] We review a motion under section 1016.5 for an abuse of discretion. (*People v. Superior Court (Zamudio)* (2000) 23 Cal.4th 183, 192, 199-200.)

When entering his no contest pleas, defendant was advised of the immigration consequences of his plea nearly word-for-word as required by section 1016.5. In fact, the advisement defendant received was even stronger than required by the statute because defendant was told his no contest pleas *would* result in his deportation, exclusion from admission, and denial of naturalization, not just that his pleas *may* have those consequences.

Defendant claims, however, that the "legislative intent" behind section 1016.5 and the United States Supreme Court's decision in *Padilla v. Kentucky* (2010) 559 U.S. 356 (*Padilla*), required the trial court to advise him of immigration consequences beyond those about which he was warned. He asserts he should have been told that his no contest pleas would result in mandatory deportation and he argues the trial court should have informed him that relief such as cancellation of removal or asylum would be unavailable

---

[4]      Respondent argues defendant waived the issue because the plea advisement form is not part of the record and thus the record is incomplete. The transcript of the plea hearing is part of the record and it indicates defendant was advised of the consequences of his plea. We therefore resolve the issues presented on the merits.

4

to him. These contentions are meritless, and defendant cannot show prejudice in any event.

Section 1016.5 includes a statement of legislative intent declaring that the purpose of the statutory advisement is "to promote fairness to . . . accused individuals by requiring . . . that acceptance of a guilty plea or plea of nolo contendere be preceded by an appropriate warning of the special consequences for . . . a [non-citizen] defendant." (§ 1016.5, subd. (d).) "The broad statement of intent in [section 1016.5,] subdivision (d), and its concern with fairness to the accused, does not override the section's narrow requirements and precise remedy." (*People v. Chien* (2008) 159 Cal.App.4th 1283, 1288 (*Chien*).) Nothing in section 1016.5 requires more than an advisement of the three major consequences of a plea that subdivision (a) of the statute references. (*People v. Gutierrez* (2003) 106 Cal.App.4th 169, 174; *People v. Gontiz* (1997) 58 Cal.App.4th 1309, 1316 [court must advise defendant of three consequences of plea set forth in section 1016.5].) Defendant received precisely that advisement here.

As for *Padilla*, the Supreme Court's holding has no bearing on this case. *Padilla* holds that a defense attorney provides constitutionally deficient assistance when he or she does not advise a non-citizen client about the risk of deportation attendant to a guilty plea. (*Padilla, supra*, 559 U.S. at pp. 373-374.) Defendant does not argue his attorney was ineffective; indeed, he may not bring a section 1016.5 motion to raise such a claim. (*Chien, supra*, 159 Cal.App.4th at p. 1285.)

Although *Padilla*'s holding does not apply here, defendant advances an argument based on the *Padilla* opinion's review of the development of federal immigration law. He contends that he should have received an expanded advisement of immigration consequences because federal courts no longer have the authority to issue a judicial recommendation against deportation, or JRAD. (See *Padilla, supra,* 559 U.S. at p. 362 [JRAD process gave to a sentencing judge the authority to determine whether a particular conviction should be disregarded as a basis for deportation, and was available for narcotics convictions]; *People v. Paredes* (2008) 160 Cal.App.4th 496, 501, fn. 3

5

[discussing former 8 U.S.C. section 1251, subd. (b)].) Although *Padilla* cites Congress's elimination of the JRAD procedure in 1990 and other changes to immigration law as a basis to conclude that deportation is an integral part of the penalty that may be imposed on non-citizen defendants (*Padilla, supra*, 559 U.S. at p. 364), there is nothing in *Padilla* that compels a trial court to give the type of expanded immigration consequences advisement (including an advisement on asylum and cancellation of removal) for which defendant advocates.

Defendant therefore has not shown the immigration consequences advisement he received and understood was in any way defective. Nor has he shown prejudice, i.e., that he would have rejected the plea agreement he bargained for if he received the advisements that he asserts should have been given. (*People v. Martinez* (2013) 57 Cal.4th 555, 567.) Defendant's declaration accompanying his section 1016.5 motion stated only that he would not have pled guilty if he had been informed that his no contest plea would result in mandatory deportation. But that is precisely what he was told— namely, that his no contest pleas "will result" in his deportation. Defendant therefore has not established prejudice.[5] (*Ibid.* [prejudice established if a defendant shows he would have rejected the plea offer in the hope or expectation of a better deal or, failing that, going to trial].)

---

[5] There were also no contentions in defendant's declaration or his motion itself that he would be eligible for cancellation of removal or asylum. There is accordingly no basis to believe an advisement as to those matters would have affected his decision to plead guilty.

6

## DISPOSITION

The order of the superior court is affirmed.


NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS



BAKER, J.


We Concur:



TURNER, P.J.



MOSK, J.