Filed 5/26/16  P. v. Alisudjana CA6

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>HARDJO ALISUDJANA,<br><br>    Defendant and Appellant. | H041645<br>(Santa Clara County<br>Super. Ct. No. CC303139) |

### STATEMENT OF THE CASE

On July 8, 2003, defendant pleaded no contest to grand theft of personal property (Pen. Code, §§ 484/487, subd. (a)), diversion of construction funds (Pen. Code, § 484b), and contracting without a license (Bus. & Prof. Code, § 7028, subd. (a)).  Defendant admitted that the amount of the grand theft exceeded $100,000.  (Pen. Code, § 1203.045.)  On September 22, 2003, the trial court sentenced defendant to two years in prison.

On July 14, 2014, defendant filed a Penal Code section 1016.5[1] motion to vacate the judgment.  The motion alleged that defendant was not advised of the immigration consequences of his no contest plea.  On September 11, 2014, the trial court issued a written order denying the motion.

---

[1]  Subsequent unspecified statutory references are to the Penal Code.

Defendant now appeals from the order denying his motion to vacate, arguing that the trial court abused its discretion in denying the motion. As set forth below, we will affirm.

**BACKGROUND**

*The Plea Form and the Plea Hearing*

When defendant pleaded no contest on July 8, 2003, he submitted an advisement of rights, waiver, and plea form for felonies. Line number 13 on that form was titled "IMMIGRATION CONSEQUENCES." The following statement was included in line number 13: "I understand that if I am not a citizen of the United States, my plea of guilty or no contest in this case may result in my deportation (removal), exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States." There was a box reserved for defendant's initials next to line number 13, but defendant did not initial the box. Instead, the words "U.S. citizen" were handwritten inside the box. The plea form contained many other advisements, and the boxes next to those advisements were marked with either defendant's initials or the handwritten symbol "N/A." At the end of the form, following a statement that his plea was "freely and voluntarily" given, defendant wrote his signature.

Before the trial court accepted defendant's no contest plea on July 8, 2003, the trial court and defendant engaged in the following colloquy:

"THE COURT: I've been handed a waiver form. I think I spent awhile watching you fill it out. For the record, these are your initials and signature on the form?

"THE DEFENDANT: Yes, sir.

"THE COURT: Did you go over it carefully with your attorney?

"THE DEFENDANT: Yes.

"THE COURT: Do you have any questions you would like to ask me about what's on the form?

2

"THE DEFENDANT:  No, sir.

"THE COURT:  All right then."

Immediately after this colloquy, the trial court accepted defendant's no contest plea.  The reporter's transcript of the plea hearing does not show an oral advisement of the immigration consequences of the plea.

### The Motion to Vacate

Eleven years after he entered his no contest plea, on July 14, 2014, defendant filed a section 1016.5 motion to vacate the judgment.  The motion alleged that defendant was never advised of the immigration consequences of his plea.

Defendant submitted his own declaration in support of the motion to vacate.  In his declaration, defendant declared that in May 2004 the Department of Homeland Security (DHS) initiated removal proceedings against him due to his conviction and that, although "the Immigration Court in San Francisco issued an order dismissing DHS'[s] charges against" him, the removal proceedings had "not yet been closed."  Defendant further declared that he "was not advised of the immigration consequences of [his] plea" and that he "would not have pled guilty or *nolo contendere* . . . had [he] known that doing so might result in [his] removal from the United States."

Defendant also submitted a declaration from the attorney who represented him at the time of his no contest plea.  The attorney executed the declaration in 2010 to support a habeas petition filed by defendant.  In the declaration, the attorney declared:  "I did not inform [defendant] that pleading *nolo contendere* to these charges carried a risk of deportation.  I also incorrectly identified [defendant] as a United States citizen on [defendant's] Advisement of Rights, Waiver, and Plea Form."

### The Order Denying the Motion to Vacate

The trial court denied defendant's motion to vacate.  In its written order, the trial court ruled that defendant had failed to satisfy the requirements of section 1016.5.

The trial court concluded that defendant was sufficiently advised of the immigration consequences of his plea, explaining in part: "A court discharges its duty under [section 1016.5] if, as here, the advice is recited in a plea form and the defendant and his counsel are questioned concerning that form to ensure that defendant actually reads and understands it." Additionally, citing a declaration that defendant submitted in support of a 2004 habeas petition, the trial court explained that "the record establishes that Defendant had knowledge of the [immigration] advisement." In that declaration, which defendant executed on June 25, 2004, defendant declared: "[T]he within court did advise me that a plea of guilty in connection with my case could lead to immigration consequences at the time of my plea."

The trial court alternatively concluded that the motion to vacate was untimely because defendant failed to pursue the motion with reasonable diligence. The trial court noted that "more than 10 years" had passed since the initiation of removal proceedings against defendant.

## DISCUSSION

Defendant urges this court to reverse the order denying his motion to vacate. He contends that the trial court erred in determining that he was adequately advised of the immigration consequences of his no contest plea, and he also contends that the trial court erred in determining that he was not diligent in filing his motion to vacate. As explained below, we conclude that the trial court did not abuse its discretion in denying the motion to vacate, and we must affirm.[2]

---

[2] The trial court's conclusions regarding the adequacy of the immigration advisement and defendant's lack of diligence were alternative grounds for the denial of the motion to vacate. Because we conclude that the trial court did not err in determining that defendant was adequately advised of immigration consequences—and that ground by itself was sufficient for denial of the motion to vacate—we will not address defendant's argument regarding diligence.

4

*Legal Principles and the Standard of Review*

Section 1016.5 requires the trial court to administer the following advisement before accepting a plea of guilty or nolo contendere: "If you are not a citizen, you are hereby advised that conviction of the offense for which you have been charged may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States." (§ 1016.5, subd. (a).)

Section 1016.5 further provides that if "the court fails to advise the defendant as required by this section and the defendant shows that conviction of the offense to which defendant pleaded guilty or nolo contendere may have the consequences for the defendant of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States, the court, on defendant's motion, shall vacate the judgment and permit the defendant to withdraw the plea of guilty or nolo contendere, and enter a plea of not guilty." (§ 1016.5, subd. (b).)

To prevail on a motion to vacate under section 1016.5, a defendant "must demonstrate that (1) the court taking the plea failed to advise the defendant of the immigration consequences as provided by section 1016.5, (2) as a consequence of conviction, the defendant actually faces one or more of the statutorily specified immigration consequences, and (3) the defendant was prejudiced by the court's failure to provide complete advisements." (*People v. Chien* (2008) 159 Cal.App.4th 1283, 1287 (*Chien*).) "On the question of prejudice, defendant must show that it is reasonably probable he would not have pleaded guilty or nolo contendere if properly advised." (*People v. Totari* (2002) 28 Cal.4th 876, 884.)

The advisement required by section 1016.5 need not be given orally. (*People v. Quesada* (1991) 230 Cal.App.3d 525, 536 (*Quesada* ).) "It is sufficient if . . . the advice is recited in a plea form and the defendant and his counsel are questioned concerning that form to ensure that defendant actually reads and understands it." (*Ibid.*) "Only if in

5

questioning the defendant and his attorney the trial court has reason to believe the defendant does not fully comprehend his rights, must the trial court conduct further canvassing of the defendant to ensure a knowing and intelligent waiver of rights." (*People v. Castrillon* (1991) 227 Cal.App.3d 718, 722.)

"[S]ection 1016.5 allows a court to vacate a conviction only if the *trial court* has failed to advise the defendant of potential adverse immigration consequences at the time of the plea. The statutory motion cannot be used to assert *defense counsel's* failure to provide adequate representation relating to immigration consequences." (*Chien, supra,* 159 Cal.App.4th at p. 1285, italics in original.)

"We review a motion to vacate under section 1016.5 for abuse of discretion." (*People v. Gutierrez* (2003) 106 Cal.App.4th 169, 172.)

***The Trial Court Did Not Abuse its Discretion in Denying the Motion to Vacate***

Here, the trial court did not abuse its discretion in concluding that defendant failed to establish the first element for his motion to vacate. Although an oral advisement of immigration consequences would have been a preferable practice, the record here shows that the written plea form and accompanying questioning regarding the plea form constituted an adequate advisement of immigration consequences.

The plea form included the specific language required by section 1016.5, subdivision (a). The plea form advised defendant that if he was "not a citizen of the United States, [his] plea of guilty or no contest in this case may result in [his] deportation (removal), exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States." At the plea hearing, the trial court questioned defendant to ensure that he had read the plea form and understood the contents of the plea form. In response to the questioning, defendant affirmed that he had "carefully" reviewed the plea form and had no questions regarding the contents of the plea form. The trial court noted that defendant "spent awhile" filling out the plea form, thereby

6

suggesting that defendant had thoroughly reviewed the form. The record thus demonstrates that defendant read and understood the contents of the plea form, including the advisement regarding immigration consequences. Indeed, defendant conceded as much in his 2004 habeas declaration. In that declaration, defendant declared that "at the time of [his] plea," the "court did advise [him] that a plea of guilty in connection with [his] case could lead to immigration consequences." On this record, we find no abuse of discretion in the determination that defendant was adequately advised of the immigration consequences of his plea. (See generally *Quesada, supra,* 230 Cal.App.3d at p. 536 [the trial court sufficiently advises a defendant of immigration consequences if the section 1016.5 advisement is included in the plea form and the trial court engages in questioning to ensure that the defendant read and understood the plea form].)

Defendant contends that he was improperly advised under section 1016.5 because "the trial court never asked [him] if he actually *read* the written waiver of rights form." (Italics in original.) This argument is unpersuasive. Although the trial court did not use the word "read" when questioning defendant about the plea form, the colloquy between the trial court and defendant established that defendant read and understood the form. We do not believe that the trial court was required to use the specific word "read" when questioning defendant about the plea form.

Defendant also makes the following argument in support of his claim that he was improperly advised of immigration consequences: "There is no question that [defense counsel] can totally botch a defendant's initialing the correct boxes in a written waiver of rights form. It is the obligation of the District Attorney and the Court to make sure that the correct boxes are initialed. The District Attorney and Court in this instance should have told the defendant he needed to initial the box on the alien advisement." Defendant's argument again is unpersuasive. Defendant fails to cite any authority that obligates the trial court or the prosecutor to ensure that the appropriate boxes are initialed

7

on a plea form. Moreover, the essence of defendant's argument is that his own attorney failed to provide adequate representation in regard to immigration consequences. Defendant's argument fails because a section 1016.5 motion to vacate "cannot be used to assert defense counsel's failure to provide adequate representation relating to immigration consequences." (*Chien, supra,* 159 Cal.App.4th at p. 1285, italics omitted.)

In sum, the record shows that the trial court adequately advised defendant of immigration consequences before he entered his no contest plea. We therefore find no abuse of discretion in the denial of defendant's motion to vacate, and we must affirm.

## DISPOSITION

The order denying defendant's motion to vacate is affirmed.

_____
RUSHING, P.J.

WE CONCUR:



_____
PREMO, J.



_____
MÁRQUEZ, J.



*People v. Alisudjana*
**H041645**