Filed 6/23/16  P. v. Reyes CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E063226 |
| v. | (Super.Ct.No. RIF1305688) |
| ARMANDO EMMANUEL CERVANTES REYES, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Steven G. Counelis, Judge.  Affirmed.

Law Office of Zulu Ali and Zulu Ali, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Barry Carlton, Deputy Attorney General, for Plaintiff and Respondent.

Defendant and appellant Armando Emmanuel Cervantes Reyes appeals from the trial court's ruling denying his motion to vacate his 2013 conviction for drug possession.

1

In 2014, defendant moved to vacate the conviction on the ground that the trial court did not ensure that he was adequately advised of the immigration consequences of his guilty plea, as provided for in Penal Code section 1016.5.[1]  For the reasons discussed below, we affirm the court's ruling.

### PROCEDURAL HISTORY

On August 7, 2013, defendant pled guilty to one count of possessing a controlled substance, specifically androisoxazole.  (Health & Saf. Code, § 11377, subd. (a).)  Section B.4. on the printed plea form, under the heading "Consequences of Plea," states: "If I am not a citizen of the United States, I understand that this conviction may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States."  Defendant initialed the line provided next to that section.

At the end of the plea form, defendant signed and wrote the date under the statement "I have read and understand this entire document.  I waive and give up all of the rights that I have initialed.  I accept this Plea Agreement."  Defense counsel also signed and dated the plea form under the statement "I am the attorney for the defendant. I am satisfied that (1) the defendant understands his/her constitutional rights and understand that a guilty plea would be a waiver of these rights; (2) the defendant has had an adequate opportunity to discuss his/her case with me, including any defenses he/she

---

[1]  All further statutory references are to the Penal Code unless otherwise indicated.

2

might have to the charges; and (3) the defendant understands the consequences of his/her guilty plea. I join in the decision of the defendant to enter a guilty plea."

A reporter's transcript of the plea hearing shows the trial court asked defendant, "Did you review with your counsel your legal rights on the form I have here," to which defendant replied, "Yes, sir." The court then asked defendant, "Are those your initials and signatures on the form," to which defendant answered, "Yes, your Honor." The court then stated, "The court finds a factual basis. Finds the plea is freely, voluntarily, and knowingly given. The waiver of rights are knowing and intelligent. He understands the nature of the charges and the consequences." The court then placed defendant on four years of probation and ordered him to serve 179 days in jail, with credit for 89 days.

In December 2014, defendant filed a motion to reopen his case and vacate his conviction on the ground that the trial court did not ensure that he was adequately warned before pleading guilty that the conviction may result in deportation. The People filed its opposition on January 14, 2015. The trial court heard the motion on January 26, 2015. The court denied the motion based on the plea form, specifically pointing to defendant's initials next to the immigration consequences advisement, and both defendant's and defense counsel's signatures at the end of the plea form.

Defendant appealed.

**DISCUSSION**

Defendant argues the trial court erred when it determined that the court that took his guilty plea ensured he was adequately advised of the immigration consequences of the guilty plea.

Under section 1016.5, a defendant can obtain relief if he or she "demonstrate[s] that (1) the court taking the plea failed to advise the defendant of the immigration consequences as provided by section 1016.5, (2) as a consequence of conviction, the defendant actually faces one or more of the statutorily specified immigration consequences, and (3) the defendant was prejudiced by the court's failure to provide complete advisements." (*People v. Chien* (2008) 159 Cal.App.4th 1283, 1287, citing *People v. Superior Court* (*Zamudio*) (2000) 23 Cal.4th 183, 199-200; *People v. Totari* (2002) 28 Cal.4th 876, 884.) As discussed below, we agree with the trial court that defendant did not met his burden to demonstrate that the trial court that took his plea failed to comply with section 1016.5.

Section 1016.5, subdivision (a), requires the following admonishment be given to any defendant entering a guilty plea: "If you are not a citizen, you are hereby advised that conviction of the offense for which you have been charged may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States."

The court is not necessarily required to provide the above warning orally. However, it must appear on the record, and it must be given by the court. (*People v.*

4

*Gutierrez* (2003) 106 Cal.App.4th 169, 175; *People v. Ramirez* (1999) 71 Cal.App.4th 519, 521-522; *People v. Quesada* (1991) 230 Cal.App.3d 525, 536; cf. *People v. Panizzon* (1996) 13 Cal.4th 68, 83 [trial court "may rely upon a defendant's validly executed waiver form as a proper substitute for a personal admonishment" with respect to losing right to appeal a sentence after pleading no contest].)

"[T]he legislative purpose of section 1016.5 is to ensure a defendant is advised of the immigration consequences of his plea and given an opportunity to consider them. So long as the advisements are given, the language of the advisements appears in the record for appellate consideration of their adequacy, and the trial court satisfies itself that the defendant understood the advisements and had an opportunity to discuss the consequences with counsel, the legislative purpose of section 1016.5 is met. [Citation.]" (*People v. Ramirez*, *supra*, 71 Cal.App.4th at p. 522.) "Nor need the statutory admonition be given orally. It is sufficient if, as here, the advice is recited in a plea form and the defendant and his counsel are questioned concerning that form to ensure that defendant actually reads and understands it." (*People v. Quesada*, *supra*, 230 Cal.App.3d at p. 536.)

A trial court's ruling on a section 1016.5 motion will withstand appellate review unless the record shows a clear abuse of discretion. (*People v. Superior Court (Zamudio)*, *supra*, 23 Cal.4th at p. 192.) In properly applying the standard of review, an appellate court must uphold the trial court's reasonable inferences and resolution of factual conflicts if supported by substantial evidence, viewed in the light most favorable

5

to the ruling, and must also accept the court's credibility determinations. (*People v. Quesada*, *supra*, 230 Cal.App.3d at p. 533.)  The trial court's inferences and conclusions here are supported by substantial evidence.

The advisement required by section 1016.5 is included in section B.4. of the plea form, as quoted above.  Defendant placed his initials in the space provided next to that advisement.  In addition, defendant signed at the end of the plea form to indicate that he had read and understood the document, and defendant's trial counsel signed the attorney statement providing that defendant had an opportunity to discuss the case with her and understood the consequences of the plea.  Finally, the record transcript of the plea hearing shows that defendant answered "Yes" when the court inquired as to whether he reviewed the plea form with his counsel and whether his initials and signatures on the form were authentic. These answers and defendant's signatures and initials on the plea form are the basis of the court's finding that defendant understood the consequences of his plea.

In accordance with the case law discussed above, we conclude from this record that the trial court did not abuse its discretion when it denied defendant's motion to vacate, and its ruling is supported by substantial evidence.  The plea form strongly indicates that defendant was advised of and understood the immigration consequences of his plea, and the record transcript shows the trial judge inquired of defendant and was assured that defendant understood the consequences of the plea.  The judgment is affirmed.

6

**DISPOSITION**

The court's order denying the motion to vacate is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
                                                                    P. J.

We concur:

HOLLENHORST
                    J.

SLOUGH
                    J.

7