Filed 7/25/16  P. v. Cortez CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ESTELLA CORTEZ,<br><br>    Defendant and Appellant. | B266842<br><br>(Los Angeles County<br>Super. Ct. No. VA027180) |

APPEAL from an order of the Superior Court of Los Angeles County, Lori Ann Fournier, Judge.  Affirmed.

Law Office of Zulu Ali and Zulu Ali for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Steven D. Matthews and Analee J. Brodie, Deputy Attorneys General, for Plaintiff and Respondent.

\* \* \* \* \* \*

Estella Cortez appeals from the court's order denying her motion to vacate her 1994 guilty plea. She contends that she received inadequate advisements about the immigration consequences of her guilty plea. We disagree and affirm.

## FACTS AND PROCEDURE

An information filed in September 1994 charged appellant with one count of sale or transportation of marijuana (Health & Saf. Code, § 11360, subd. (a)) and one count of possession of marijuana for sale (Health & Saf. Code, § 11359).

On an afternoon in August 1994, police officers observed appellant drive away from an apartment with her brother in the passenger seat. They returned approximately an hour and a half later. Appellant's brother removed a large plastic trash bag from the trunk of the car and carried it inside. Officers executed a search warrant on the apartment and found a large quantity of marijuana inside two plastic trash bags and still more marijuana inside appellant's bedroom. They also found scales and records reflecting "a pay/owe sheet."

Appellant pled guilty to one count of sale or transportation of marijuana. The minute order of her plea hearing indicates the court advised her of the consequences of her plea, including the following advisement: "If you are not a citizen, you are hereby advised that a conviction of the offense for which you have been charged may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States." Appellant also signed a plea form that contained the same advisement in writing, and she initialed next to this advisement.

On November 23, 1994, the court placed appellant on formal probation for three years on the condition that she serve 147 days in jail, and the court awarded her 147 days of custody credit.

On December 31, 2013, 19 years later, appellant filed a motion to reopen the case and vacate her conviction. In pertinent part, she argued the court did not advise her that pleading guilty to the 1994 offense might result in deportation, exclusion from the country, or denial of naturalization. Appellant's declaration in support of the motion

2

stated she was not a citizen of the United States, and the court and defense counsel did not advise her she "would be subject to mandatory deportation and no relief from removal" if she pled guilty. In a supplemental declaration filed later, she asserted she did not have a translator present at her plea hearing and therefore did not understand the advisements.

Appellant's defense counsel from the 1994 proceedings testified at the hearing on the motion to vacate. Counsel did not have an independent recollection of representing appellant, but she recognized her signature on the plea form and saw from the minute orders that she represented appellant. Counsel would have reviewed each of the advisements on the plea form with appellant and had her initial them. Counsel did not speak Spanish. If she was unable to communicate with appellant directly because appellant spoke Spanish only, counsel would have gotten a Spanish interpreter. This was her custom and practice when dealing with non-English speaking clients, and she would have requested an interpreter for any court proceedings as well.

The court denied the motion to vacate. Appellant filed a timely notice of appeal.

## DISCUSSION

Under Penal Code section 1016.5, before accepting a guilty plea, the court must administer the following advisement to the defendant: "If you are not a citizen, you are hereby advised that conviction of the offense for which you have been charged may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States."[1] (§ 1016.5, subd. (a).) The defendant may vacate the guilty plea if the court fails to provide this advisement, and the defendant shows his or her conviction may result in deportation, exclusion from the country, or denial of naturalization. (§ 1016.5, subd. (b).) We review the court's ruling on a motion to vacate under section 1016.5 for abuse of discretion. (*People v. Superior Court* (*Zamudio*) (2000) 23 Cal.4th 183, 192.)

---

[1] Further undesignated statutory references are to the Penal Code.

The court did not err in denying appellant's motion here. The record established appellant received the required advisement verbatim in writing and verbally at the plea hearing. Prior defense counsel's testimony also established that it was counsel's custom and practice at the time to have requested and used a Spanish language interpreter, despite appellant's assertion that she did not have the assistance of an interpreter. Appellant's claim that she did not have an interpreter is further undermined by the fact that she initially declared she never received the advisements at all, and only later did she change course and assert that she did not understand the advisements because she lacked an interpreter. These credibility determinations were for the trial court.

Appellant nevertheless argues the legislative intent behind section 1016.5 and the United States Supreme Court's decision in *Padilla v. Kentucky* (2010) 559 U.S. 356 (*Padilla*) required the court to advise her of immigration consequences beyond those about which she was warned. Specifically, she asserts the court should have told her (1) the guilty plea would result in *mandatory* deportation (because federal immigration law has changed since the Legislature enacted section 1016.5), and (2) relief such as cancellation of removal or asylum would be unavailable to her. These contentions are meritless.

Section 1016.5 declares the legislative intent of the statute is "to promote fairness to . . . accused individuals by requiring . . . that acceptance of a guilty plea or plea of nolo contendere be preceded by an appropriate warning of the special consequences for such a defendant which may result from the plea." (§ 1016.5, subd. (d).) "The broad statement of intent in section 1016.5, subdivision (d), and its concern with fairness to the accused, does not override the section's narrow requirements and precise remedy." (*People v. Chien* (2008) 159 Cal.App.4th 1283, 1288.) The plain language of section 1016.5 requires only that the court advise the defendant of the three major consequences of a plea. Appellant received precisely those advisements here.

Moreover, her contention that the court should have used mandatory language in the advisements, as opposed to telling her that she *may* be deported, misses the mark. She tells us that courts had discretionary authority to recommend against deportation at

4

the time the Legislature enacted section 1016.5, and the United States Attorney General had the authority to grant discretionary relief from deportation, but Congress eliminated the Attorney General's authority in 1996. Thus, at the time of appellant's plea in *1994*, mandatory deportation was not inevitable, because the discretion to grant relief from deportation still existed. (*Padilla, supra*, 559 U.S. at pp. 363-364.) A statement that deportation was mandatory would have been misleading.

What is more, *Padilla* has no bearing on this case. *Padilla* was an ineffective assistance of counsel case in which the United States Supreme Court held: "[C]ounsel must inform her client whether his plea carries a risk of deportation. Our longstanding Sixth Amendment precedents, the seriousness of deportation as a consequence of a criminal plea, and the concomitant impact of deportation on families living lawfully in this country demand no less." (*Padilla, supra*, 559 U.S. at p. 374.) But appellant may not bring a section 1016.5 motion to raise an ineffective assistant of counsel claim (*People v. Chien, supra*, 159 Cal.App.4th at pp. 1285, 1290), and in any event, appellant fails to show counsel provided ineffective assistance. The record established that counsel reviewed with appellant the advisement about immigration consequences on the plea form.

## DISPOSITION

The order is affirmed.


FLIER, J.

WE CONCUR:


RUBIN, Acting P. J.          GRIMES, J.


5