[No. F056907. Fifth Dist. Dec. 11, 2009.]

THE PEOPLE, Plaintiff and Respondent, v.
JAIME LIMON, Defendant and Appellant.

**COUNSEL**

Law Offices of Brian D. Lerner, Brian D. Lerner and Christopher A. Reed for Defendant and Appellant.

Edmund G. Brown, Jr., Attorney General, Michael P. Farrell, Assistant Attorney General, Carlos A. Martinez and Wanda Hill Rouzan, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**GOMES, J.**—In 1988, Jaime Limon pled guilty to cultivation and sale of marijuana after the court read Penal Code section 1016.5's alien status

advisement to him.[1] In 1995, he was deported from the United States. In 1997, he returned to the United States illegally. In 2008, he filed a motion to vacate the judgment, withdraw his guilty pleas, and enter not guilty pleas so that he could "have a realistic chance of avoiding permanent banishment from the United States." The court denied his motion. He appeals the court's order.[2] We affirm.

## BACKGROUND

On March 23, 1988, the district attorney filed a complaint in municipal court case No. 48103 charging Limon with two counts of sale of marijuana, one on March 18, 1988, and one on March 21, 1988. (Health & Saf. Code, § 11360.) In a different document, the district attorney charged him in municipal court case No. 48214 with two counts of cultivation of marijuana, one on March 1, 1988.[3] (Health & Saf. Code, § 11358.)

On April 14, 1988, Limon appeared with his attorney for a negotiated disposition of both cases. The reporter's transcript shows the terms of the negotiated disposition as, inter alia, a guilty plea with a maximum nine-month sentence in municipal court case No. 48103 to one count of sale of marijuana on March 18, 1988, "to run with any time he gets concurrent on [municipal court] Case Number 48214," a guilty plea with a maximum nine-month sentence in municipal court case No. 48214 to one count of cultivation of marijuana on March 1, 1988, and a dismissal of the other charge in each case. The court approved the negotiated disposition, accepted Limon's guilty pleas, and set a sentencing date.[4]

On June 1, 1988, Limon appeared with his attorney for sentencing in both cases. The court rejected the maximum nine-month sentence in the negotiated disposition with the observation that all of his codefendants "were going to be doing a year" and that he "was involved in one more sale than anybody else." After consulting with his attorney, he agreed to accept a maximum one-year sentence. Finding that "despite the seriousness of these charges" he was "a suitable candidate for probation," the court suspended imposition of

---

[1] Later statutory references are to the Penal Code except where otherwise noted.

[2] An order denying a section 1016.5 motion is appealable. (*People v. Totari* (2002) 28 Cal.4th 876, 879 [123 Cal.Rptr.2d 76, 50 P.3d 781] (*Totari*).)

[3] The charging document in municipal court case No. 48214 is not in the record. Nothing in the record shows the date of the filing of that document or the date of the other count of cultivation charged in that document.

[4] By the time of the hearing on the negotiated disposition, municipal court case No. 48103 bore superior court case No. 38167 and municipal court case No. 48214 bore superior court case No. 36186. For consistency, later references to both cases are by the original municipal court numbers.

sentence, admitted him to probation for five years, and ordered him to serve one year in county jail in municipal court case No. 48214 and 93 days in county jail (with credit for 93 days time served) in municipal court case No. 48103.

On July 21, 2008, Limon filed a motion to vacate the judgment. (§ 1016.5.) On August 19, 2008, the court dropped the matter from the calendar when he failed to appear at the hearing on the motion.

On September 12, 2008, Limon filed another motion to vacate the judgment. On November 4, 2008, the district attorney filed an opposition to the motion. On November 18, 2008, the court held an evidentiary hearing, heard argument by counsel, and denied the motion.

## ISSUES ON APPEAL

Limon argues that (1) his attorney was constitutionally ineffective by failing to advise him of the immigration consequences of his pleas, (2) section 1016.5's alien status advisement is inadequate, (3) amendments to the Immigration and Nationality Act (8 U.S.C. § 1101 et seq.) after the enactment of section 1016.5 frustrate the legislative intent of the state statute, (4) the court's advice to him about the immigration consequences of his pleas was inadequate, and (5) his pleas were involuntary since he did not receive adequate advice about, and did not understand the consequences of, his pleas.

On the merits, the Attorney General argues that (1) the court's denial of Limon's motion was not an abuse of discretion, (2) his attorney was not constitutionally ineffective by failing to advise him of the immigration consequences of his pleas, and (3) his pleas were voluntary. Characterizing the appeal as "rife with procedural problems," the Attorney General additionally argues that (1) Limon failed to comply with Penal Code section 1237.5's requirement of a certificate of probable cause, (2) his lack of due diligence in challenging the adequacy of section 1016.5's alien status advisement precludes a grant of relief, and (3) he improperly bootstraps onto his appeal constitutional issues (whether his attorney was constitutionally ineffective and whether his pleas were voluntary) that are cognizable on appeal of the judgment of conviction and on habeas corpus but not on appeal from the court's order.

## DISCUSSION

An order denying a section 1016.5 motion will withstand appellate review unless the record shows a clear abuse of discretion. (*People v. Superior Court (Zamudio)* (2000) 23 Cal.4th 183, 192 [96 Cal.Rptr.2d 463, 999 P.2d 686],

citing *People v. Shaw* (1998) 64 Cal.App.4th 492, 495–496 [74 Cal.Rptr.2d 915]; see also § 1016.5, subd. (c).) An exercise of a court's discretion in an arbitrary, capricious, or patently absurd manner that results in a manifest miscarriage of justice constitutes an abuse of discretion. (*Shaw, supra,* at p. 496.)

■ Bearing in mind the applicable standard of review, we turn to the statute. "In Penal Code section 1016.5, the Legislature explicitly acknowledged the motion to vacate the judgment as the appropriate vehicle to clear the way for a postjudgment withdrawal of a guilty or nolo contendere plea entered *without* advisement of the possible immigration consequences." (*People v. Castaneda* (1995) 37 Cal.App.4th 1612, 1617 [44 Cal.Rptr.2d 666], italics added.) Here, however, Limon entered his guilty pleas *with* advisement by the court of the possible immigration consequences. "If you are not a citizen," the court informed him, "you are advised that conviction of the offense for which you have been charged may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States." After so advising him before allowing him to plead guilty at the hearing on the negotiated settlement, the court asked him, "Do you have any questions you want to ask me about your cases?" Limon replied, "No."

Apart from the omission of a single nonsubstantive word ("hereby"), the court's advice to Limon about the immigration consequences of his pleas was *identical* to the statutory mandate: "If you are not a citizen, you are hereby advised that conviction of the offense for which you have been charged may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States." (§ 1016.5, subd. (a).)

■ Had the court failed to so advise Limon, section 1016.5 would have authorized the court to grant his motion to vacate the judgment, withdraw his guilty pleas, and enter not guilty pleas. (§ 1016.5, subd. (b).)[5] To prevail on a section 1016.5 motion, "a defendant *must* establish" that he or she "was *not* properly advised of the immigration consequences *as provided by the statute.*" (*Totari, supra,* 28 Cal.4th at p. 884, italics added.) Since the court *did* so advise him, his statutory claim for relief is meritless.

---

[5] Section 1016.5, subdivision (b) provides, in pertinent part: "If, after January 1, 1978, the court *fails* to advise the defendant as required by this section and the defendant shows that conviction of the offense to which defendant pleaded guilty or nolo contendere may have the consequences for the defendant of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States, the court, on defendant's motion, shall vacate the judgment and permit the defendant to withdraw the plea of guilty or nolo contendere, and enter a plea of not guilty." (Italics added.)

█ On that foundation, we briefly address Limon's other issues. Since the court gave a proper alien status advisement, his "further claim" of ineffective assistance of counsel "is not a wrong encompassed by the statute." (*People v. Kim* (2009) 45 Cal.4th 1078, 1107, fn. 20 [90 Cal.Rptr.3d 355, 202 P.3d 436] (*Kim*); see *People v. Chien* (2008) 159 Cal.App.4th 1283, 1285 [72 Cal.Rptr.3d 448].) Likewise, on the premise that "section 1016.5 is exceptionally vague," he argues that his pleas were involuntary, but *Kim* flatly rejects the notion that the courts have the authority to expand the scope of the *statutory* motion to include *constitutional* theories of relief. (*Kim, supra*, 45 Cal.4th at p. 1107, fn. 20.) █ Finally, the courts cannot second-guess the way in which the Legislature fashions a statutory remedy, since that is a public policy issue properly left to the Legislature. (*In re Christian S.* (1994) 7 Cal.4th 768, 782 [30 Cal.Rptr.2d 33, 872 P.2d 574].)[6]

## DISPOSITION

The order is affirmed.

Vartabedian, Acting P. J., and Cornell, J., concurred.

---

[6] Our holdings moot all of the other issues before us.