Filed 3/6/13  P. v. Barrera CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>JOSE LUIS BARRERA,<br><br>Defendant and Appellant. | B238326<br><br>(Los Angeles County<br>Super. Ct. No. VA005274) |

APPEAL from an order of the Superior Court of Los Angeles County.  Roger Ito, Judge.  Affirmed.

Rene A. Ramos, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Victoria B. Wilson and Steven D. Matthews, Deputy Attorneys General, for Plaintiff and Respondent.

\* \* \* \* \* \*

Defendant and appellant Jose Luis Barrera (defendant) appeals from an order denying his motion to vacate a judgment entered in 1990 upon a guilty plea. He contends that the trial court erred in finding that he was adequately advised of the potential immigration consequences of his guilty plea. The People contend that the trial court did not abuse its discretion when it denied the motion to vacate the plea. Substantial evidence supports a finding that the advisements were given. We affirm the order.

## BACKGROUND

On October 9, 1990, in Los Angeles Superior Court case No. VA005274, defendant pleaded guilty to one count of second degree burglary, in violation of Penal Code section 459.[1]

The standard plea form, i.e., the *Tahl*[2] form, included a paragraph which listed the immigration consequences of a plea. It provided: "I understand that if I am not a citizen of the United States, the conviction for the offense charged may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States." Defendant declared by his signature at the end of the document he understood "each and every one" of his constitutional rights and desired to waive those rights to plead guilty, and he had "personally initialed each of the above boxes and discussed them with [his] attorney." Defendant was represented by attorney Arnold W. Lieman. Lieman declared, "I have explained each of the above rights to the defendant, and having explored the facts with him/her and studied his/her possible defenses to the charge(s), I concur in his/her decision to waive the above rights and to enter a plea of guilty."

Before accepting the guilty plea, the trial court (before Commissioner Thomas Parrott) asked the prosecutor to obtain defendant's waiver. Defendant was directed to examine the two-page *Tahl* waiver form that was placed in front of him, and was asked if,

---

[1]    All further statutory references are to the Penal Code unless otherwise indicated.

[2]    *In re Tahl* (1969) 1 Cal.3d 122.

with the help of his attorney, he had read and understood the form. He replied, "Yes," and indicated that he had no questions regarding the form. Defendant was asked if he placed his initials in the boxes on the left side of the *Tahl* waiver form and signed his name on the second page. He replied in the affirmative and indicated that he understood and accepted everything on the two-page form. Defendant was asked and responded to additional questions regarding his constitutional rights to a jury trial, to confront and cross-examine witnesses against him, to put on a defense, and the right against self-incrimination. The court found defendant entered the guilty plea of his own free will, made a knowing and intelligent waiver of his constitutional rights, and understood the consequences, penalties, and punishments associated with the plea.

On April 28, 2011, defendant filed a motion pursuant to section 1016.5 to vacate his 1990 conviction in Los Angeles Superior Court case No. VA005274. He argued that he was not properly advised of the immigration consequences of his plea and attached the transcript of the plea proceedings. Also in support of the motion, defendant submitted his declaration describing the circumstances of his conviction as well as facts regarding himself and his family.[3] Defendant did not "recall being informed of the immigration consequences of [his] plea by the court or [his] attorney." He was not told that his plea "could result in deportation, exclusion of admission, or denial of naturalization." He would not have entered the plea had he known of the immigration consequences and instead would have negotiated an alternative plea or exercised his right to a jury trial.

On November 2, 2011, the trial court held a hearing on the motion to vacate. Defendant was unable to obtain the original *Tahl* waiver form or a copy from the office of public records. The prosecutor produced a digitized copy which defense counsel acknowledged was a copy of the original form used in the 1990 plea. Defense counsel argued that the absence of both check marks and defendant's initials by the clause

---

[3]      Defendant has lived in the United States for 36 years and permanently resides in Phoenix, Arizona. His wife, four children, and four grandchildren are United States citizens. His labor union membership authorizes him to work as a pipe welder all over the country.

containing the immigration consequences of the plea on the form, suggested that it was not discussed with defendant. The court remarked on the poor quality of the copy and the difficulty in seeing any initials or marks on the form. The court then noted that the deputy district attorney "went through the waiver form to ensure that [the defendant] had, in fact, initialed the boxes at the time he was taking the plea." The court also found significant that parts of the *Tahl* waiver form which were inapplicable to defendant had been crossed or lined out,[4] while the clauses pertaining to the immigration consequences had not.

Having reviewed the totality of the evidence which included the defendant's declaration that he could not recall if he was advised of the immigration consequences, the transcript of the plea hearing, and the signed copy of the waiver form which included the immigration advisements but not other inapplicable consequences, the court found sufficient evidence that the required advisements were given when defendant entered his plea. Defendant filed a timely notice of appeal from the order denying his motion, but did not obtain a certificate of probable cause.

## DISCUSSSION

### I.    Contention

Defendant contends the trial court erred by finding he was advised of the immigration consequences of his decision to enter a guilty plea in compliance with section 1016.5. Specifically, defendant contends the plea form did not contain any legible initials or markings to indicate that defendant was advised. The People, on the other hand, contend the transcript of the plea proceedings, coupled with the provisions of the plea form which defendant signed, was sufficient to show the advisements were given.

---

[4]    One clause required registration as a sex offender, while a second required registration as a narcotic offender.

4

## II. Requirements of section 1016.5

Prior to acceptance of a plea of guilty or nolo contendere, the trial court must give the defendant the following advisement on the record: "If you are not a citizen, you are hereby advised that conviction of the offense for which you have been charged may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States." (§ 1016.5, subd. (a).) A defendant who was not so advised may move to vacate the judgment and his plea. (§ 1016.5, subd. (b).)

"To prevail on a motion to vacate under section 1016.5, a defendant must establish that (1) he or she was not properly advised of the immigration consequences as provided by the statute; (2) there exists, at the time of the motion, more than a remote possibility that the conviction will have one or more of the specified adverse immigration consequences; and (3) he or she was prejudiced by the nonadvisement. [Citations.]" (*People v. Totari* (2002) 28 Cal.4th 876, 884; see also *People v. Superior Court* (*Zamudio*) (2000) 23 Cal.4th 183, 192, 199–200.)

## III. No certificate of probable cause required

In *People v. Placencia* (2011) 194 Cal.App.4th 489 (*Placencia*) the court held that a defendant must obtain a certificate of probable cause in order to appeal the denial of a motion to withdraw a guilty plea for failure by the court or counsel to advise the defendant of the immigration consequences of the plea in accordance with section 1016.5. The issue is currently pending before the California Supreme Court in a case from this Court, *People v. Arriaga* (2011) 201 Cal.App.4th 429 (*Arriaga*), review granted February 22, 2012, S199339. The majority opinion in *Arriaga* disagreed with *Placencia* and found no probable cause certificate was required. Until such time as the Supreme Court concludes otherwise, we see no reason to depart from *Arriaga* and proceed to the merits of defendant's case.

5

## IV.    Standard of review

We review the trial court's ruling for abuse of discretion.  (*People v. Superior Court* (*Zamudio*)*, supra,* 23 Cal.4th at p. 191.)  To establish an abuse of discretion, defendant must show that it was exercised in an arbitrary, capricious, or patently absurd manner that resulted in a manifest miscarriage of justice.  (*People v. Limon* (2009) 179 Cal.App.4th 1514, 1518.)  We uphold the trial court's reasonable inferences and resolution of factual conflicts if supported by substantial evidence, viewed in the light most favorable to the ruling, and we accept the court's credibility determinations.  (*People v. Quesada* (1991) 230 Cal.App.3d 525, 533.)

## V.    No abuse of discretion

Defendant's reliance on the absence of initials or marks on the copy of the *Tahl* waiver form is misplaced when we consider, as the trial court did, the poor quality of the digitized copy of the form in conjunction with the transcript of the plea proceedings.

The original waiver form was not available from public records and the court and the parties relied on a digitized copy provided by the prosecutor.  The copy was of such poor quality that the trial court noted not only was it "very difficult to make out any initials" but "it was difficult to make out the actual initialed boxes."  It was evident however that the waiver bore defendant's signature and provisions that were inapplicable to defendant's plea had been crossed out but the immigration advisement had not.

The transcript of the plea proceedings from October 9, 1990, indicates that the two-page *Tahl* waiver form was placed in front of defendant and he was asked to review it prior to entering his plea.  Defendant acknowledged that he read and understood the form and signed his name on the second page.  Additionally, defendant acknowledged that he placed his initials "on the left side in the little boxes" on the waiver form.  The record here does not reflect that defendant had difficulty understanding the prosecutor's questions, and defendant's declaration in support of his motion to vacate the plea did not state that he did not understand what he was told; he stated he did not recall what he was told.  The absence of defendant's initials or marks by the immigration provisions on the

6

copy of the waiver form is not significant in light of the fact that *no* initials can be observed anywhere on the form.  Given defendant's acknowledgement that he did initial the form the inability to see them was due to the poor quality of the digitized copy.

Substantial evidence showed that the statutorily required advisements were properly given in this case.  We conclude that the trial court did not abuse its discretion in denying the motion.

## DISPOSITION

The trial court's order denying the motion to vacate defendant's 1990 conviction is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.

_____, P. J.
BOREN

We concur:

_____, J.
ASHMANN-GERST

_____, J.
CHAVEZ

7