Filed 3/9/16  P. v. Rivera CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B263809 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. VA119142) |
| v. | |
| VIRGINIA DEL CARMEN RIVERA, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of the County of Los Angeles, Michael A. Cowell, Judge.  Affirmed.

Law Office of Zulu Ali, Zulu Ali for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Paul M. Roadarmel, Jr. and Steven D. Matthews, Supervising Deputy Attorneys General, for Plaintiff and Respondent.

# INTRODUCTION

On June 14, 2011, defendant and appellant Virginia Del Carmen Rivera pled no contest to perjury and was granted three years of probation. On January 27, 2015, defendant filed a motion to withdraw her plea arguing she was not, prior to her plea, properly advised of the immigration consequences it carried. The trial court denied the motion and defendant appeals that order. Because the record demonstrates the advisements given to defendant prior to the entry of her plea were in compliance with Penal Code section 1016.5, subdivision (a),[1] we affirm the trial court's order.

# BACKGROUND

At the time defendant entered her plea she signed a waiver of rights form, and specifically initialed a paragraph contained therein, which read as follows: "I understand that if I am not a citizen of the United States, I must expect my plea of guilty or no contest will result in my deportation, exclusion from admission or reentry to the United States, and denial of naturalization and amnesty." Defendant also acknowledged in the form that she discussed the paragraphs initialed with her attorney and, by initialing those paragraphs, she represented she understood and agreed with the contents contained therein.

After defendant submitted the waiver of rights form to the court, the prosecutor orally advised her of certain consequences of her plea. In pertinent part, the prosecutor stated, "If you are not a citizen of the United States, a plea to this charge will result in your deportation, denial of naturalization and denial of re-entry into the country." Despite these consequences defendant indicated she still wished to enter her plea.

In her motion to withdraw the plea, defendant pointed out she was taken into federal custody by Immigration and Customs Enforcement in 2011 and her application

---

[1]     All further statutory references are to the Penal Code.

for asylum was denied due to her plea. She argued she was entitled have her plea vacated because she was not advised the plea would preclude her from obtaining relief from "removal" in the form of "Cancellation of Removal and Asylum." In the memorandum of points and authorities supporting the motion, defendant maintained she would have not pled no contest if these "special consequences" of the plea were explained to her.

## DISCUSSION

Defendant contends the law required her to be advised her plea would result in "mandatory deportation" and "the unavailability of certain relief like cancellation of removal or asylum." [2] Simply put, reversal is not required because the nature of the required immigration advisements are well-settled and, in this case, they were clearly iterated to defendant.

"Section 1016.5[, subdivision] (a) requires a trial court, before accepting a plea of guilty or no contest, to explain to a defendant that if the defendant is not a citizen of this country, conviction of the charged offense 'may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization . . . .' Section 1016.5[, subdivision] (b) provides a remedy for a noncitizen defendant who is not

[2] Although this is the essence of defendant's claim, she also asserts the trial court should have considered both the legislative intent in enacting section 1016.5 and the fact that, as of the passage of congressional legislation in 1990, a federal judge may not issue a determination that a criminal conviction must be excluded from forming the basis for deportation under what was known as a "judicial recommendation against deportation." But, defendant asked the trial court to vacate her plea based on section 1016.5. She did not argue the advisements she proposed were required by either the Federal Constitution (see, e.g., *Padilla v. Kentucky* (2010) 559 U.S. 356, 360, 364 [Sixth Amendment requires defense counsel to advise his client the offense to which he is pleading would result in the removal from the country] or the absence of any previously existing federal law. As such, those issues, to the extent they are presented, are forfeited. (See *People v. Chism* (2014) 58 Cal.4th 1266, 1300.) Moreover, the requirements of section 1016.5 are clear and it is therefore unnecessary to resort to external sources such as legislative intent and pre-existing federal doctrines to determine whether the trial court complied with it. (*Hess v. Ford Motor Co.* (2002) 27 Cal.4th 516, 531; *Quarterman v. Kefauver* (1997) 55 Cal.App.4th 1366, 1371.)

advised of these consequences: 'If . . . the court fails to advise the defendant as required by this section and the defendant shows that conviction of the offense to which [the] defendant pleaded guilty or nolo contendere may have the consequences for the defendant of deportation, exclusion from admission to the United States, or denial of naturalization . . . the court, on [the] defendant's motion, shall vacate the judgment and permit the defendant to withdraw the plea of guilty or nolo contendere, and enter a plea of not guilty.' To prevail on a section 1016.5 motion, a defendant must establish (1) that the advisements were not given; (2) that the conviction may result in adverse immigration consequences; and (3) that the defendant would not have pled guilty or no contest had proper advisements been given. [Citation.]" (*People v. Arriaga* (2014) 58 Cal.4th 950, 957-958.) We review the denial of a motion to withdraw a plea under an abuse of discretion standard and, in that respect, will only reverse the order if it was the result of arbitrary or capricious decision-making by the trial court. (*People v. Limon* (2009) 179 Cal.App.4th 1514, 1517-1518.)

The immigration consequences paragraph defendant initialed in the waiver of rights form complied with the dictates of section 1016.5, subdivision (a) by advising defendant she "must expect" her plea "will result" in her "deportation, exclusion from admission or reentry to the United States, and denial of naturalization or amnesty . . . ."[3] These consequences were paraphrased and reiterated to her orally when, prior to entering her plea, she was advised by the prosecutor that her plea "will result in [her] deportation, denial of naturalization and denial of re-entry into the country." Taken as a whole, the advisements went beyond the requirement that defendant be told she "may" suffer certain immigration consequences by expressing, in certain terms, that not only should she expect to suffer these consequences, but that she would in fact suffer the stated consequences. Indeed, while not necessary, the advisements for all intents and purposes

---

[3] The advisements need not be oral—a validly executed plea agreement containing the immigration advisement satisfies the requirements of section 1016.5, subdivision (a). (*People v. Ramirez* (1999) 71 Cal.App.4th 519, 521; *People v. Gutierrez* (2003) 106 Cal.App.4th 169, 175.)

4

contained a certainty of adverse immigration consequences that was on par with those proposed by defendant.

We turn briefly to the two remaining factors relevant to the merits of the motion. There is no discussion in the appellate briefs regarding the second factor, i.e., whether the conviction may result in adverse immigration consequences. However, defendant's declaration at trial indicated she was the subject of a removal matter initiated by Immigration and Customs Enforcement. It appears the existence of this factor was never disputed by the People.

The third factor is more problematic for defendant. The declaration filed in support of the motion indicated defendant "would not have pled guilty" if she had been advised of "the immigration consequences" of the plea. But, it is undisputed that defendant *was* advised of immigration consequences; what is disputed was whether she was required to specifically be told that (a) she was subject to "mandatory deportation," and (b) "certain relief" such as "cancellation of removal or asylum" would be unavailable to her. Defendant did not provide any evidence that she would have elected not to enter the plea if these specific words were uttered to her.

**DISPOSITION**

The order denying defendant's motion to withdraw her plea is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS


KUMAR, J.*


We concur:


TURNER, P. J.


KRIEGLER, J.

---

*        Judge of the Superior Court of the County of Los Angeles, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.