Filed 8/12/16  P. v. Covarrubias CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE, | |
|     Plaintiff and Appellant, | E062670 |
| v. | (Super.Ct.No. RIF131223) |
| ORFAELL COVARRUBIAS, | OPINION |
|     Defendant and Respondent. | |

APPEAL from the Superior Court of Riverside County.  Rafael A. Arreola, Judge. (Retired judge of the San Diego Super. Ct., assigned by the Chief Justice pursuant to art. VI, § 6, of the Cal. Const.).  Affirmed.

Michael A. Hestrin, District Attorney, Matt Reilly and Alan D. Tate, Deputy District Attorneys for Plaintiff and Appellant.

Alfonso Morales, under appointment by the Court of Appeal, for Defendant and Respondent.

On July 21, 2006, a felony complaint charged defendant and respondent Orfaell Covarrubias with transportation and possession of methamphetamine under Health and

1

Safety Code sections 11379 (count 1) and 11378 (count 2). On the same day, defendant pled guilty to transportation of methamphetamine under Health and Safety Code section 11379, subdivision (a) (count 1), and was sentenced accordingly.

On October 7, 2014, defendant filed a motion to vacate his conviction under Penal Code section 1016.5 (section 1016.5), under ineffective assistance of counsel. At the hearing on the motion to vacate on December 18, 2014, the court granted defendant's motion and vacated his guilty plea. The People appeal. For the reasons set forth below, we affirm the trial court's ruling.

## FACTUAL AND PROCEDURAL HISTORY

At the hearing wherein defendant pled guilty, defendant admitted that he transported methamphetamine, a violation of Health and Safety Code section 11379, subdivision (a). The parties stipulated that there was a factual basis for the plea.

On the plea form, defendant placed his initials all along the left side of the plea form, under the headings of "Advisement of Rights," "Consequences of Plea," and "Defendant's Statement." One of the paragraphs under "Consequences of Plea" was paragraph No. 3, which stated as follows:

"If I am not a citizen of the United States, I understand that this conviction may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States."

On the next page of the plea agreement, defendant signed and dated below the statement: "I have read and understand this entire document. I waive and give up all of the rights that I have initialed. I accept this Plea Agreement."

2

Moreover, defense counsel signed her name under the following statement:

"I am the attorney for the defendant. I am satisfied that (1) the defendant understands his/her constitutional rights and understands that a guilty plea would be a waiver of these rights; (2) the defendant has had an adequate opportunity to discuss his/her case with me, including any defenses he/she may have to the charges; and (3) the defendant understands the consequences of his/her guilty plea. I join in the decision of the defendant to enter a guilty plea."

In open court, the trial court asked defendant, "Alright, [defendant], I am holding up a yellow form here, sir. Did you go over everything on this with your attorney?" Defendant responded "Yes." The court asked him: "Did you understand everything on this sheet?" Defendant stated, "Yes." The court then went on to confirm with defendant and his attorney that defendant understood his constitutional rights and that he was waiving them by entering the guilty plea. These were the court's sole inquiries regarding the plea form. The court did not provide oral advisements regarding the immigration consequences of defendant's plea. Immigration consequences were not discussed at all during the hearing.[1]

Pursuant to the terms of the plea agreement, defendant was sentenced to 179 days in jail and three years formal probation.

On October 7, 2014, current defense counsel filed a motion to vacate defendant's conviction under ineffective assistance of counsel, section 1016.5, and as a matter of

---

[1] As a result of defendant's guilty plea, he was deported and is deemed inadmissible under federal immigration laws.

equity. In the motion, defendant claimed that he was not aware of the adverse immigration consequences of his guilty plea. The People opposed the motion.

On December 18, 2014, the trial court granted the motion finding the court failed to comply with the requirements of section 1016.5.[2] The People appeal.

## DISCUSSION

The People contend that the trial court erred in granting defendant's motion to vacate his guilty plea and reinstating the criminal proceedings.

Under section 1016.5, a defendant can obtain relief if he or she "demonstrate[s] that (1) the court taking the plea failed to advise the defendant of the immigration consequences as provided by section 1016.5, (2) as a consequence of conviction, the defendant actually faces one or more of the statutorily specified immigration consequences, and (3) the defendant was prejudiced by the court's failure to provide complete advisements." (*People v. Chien* (2008) 159 Cal.App.4th 1283, 1287, citing *People v. Superior Court* (*Zamudio*) (2000) 23 Cal.4th 183, 199-200 (*Zamudio*); *People v. Totari* (2002) 28 Cal.4th 876, 884.)

Section 1016.5, subdivision (a), requires the following admonishment be given to any defendant entering a guilty plea: "If you are not a citizen, you are hereby advised that conviction of the offense for which you have been charged may have the

---

[2] The trial court agreed with the People "that if that's the only issue that was ineffective assistance of counsel by itself, I may not have authority to set it aside. But in terms of whether or not the defendant understood and whether or not the Court advised the defendant of the consequences of deportation or the immigration consequences, than [*sic*] that's a separate issue."

4

consequences of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States."

The court is not necessarily required to provide the above warning orally. However, it must appear on the record, and it must be given by the court. (*People v. Gutierrez* (2003) 106 Cal.App.4th 169, 175; *People v. Ramirez* (1999) 71 Cal.App.4th 519, 521.)

In this case, the advisement provided above was clearly printed on the plea form defendant initialed and signed. In the plea form, under "Consequences of Plea," it stated: "If I am not a citizen of the United States, I understand that this conviction may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States." Defendant initialed next to a line immediately next to this statement. At the bottom of the plea form, on the next page, defendant also signed and dated below the statement: "I have read and understand this entire document. I waive and give up all of the rights that I have initialed. I accept this Plea Agreement."

Despite the appearance of the written statement on defendant's plea form, the trial court credited defendant's assertion that his attorney did not go over the plea form with him. Moreover, the trial court, after reviewing the reporter's transcript, noted that defendant was never orally advised about the immigration consequences of his plea. A trial court's ruling on a section 1016.5 motion will withstand appellate review unless the record shows a clear abuse of discretion. (*Zamudio*, *supra*, 23 Cal.4th at p. 192.)

The crux of the matter is whether the trial court, under the appropriate standard of review, clearly abused its discretion in making its determination (*Zamudio*, *supra*, 23 Cal.4th at p. 192), i.e., whether it can be said that the trial court's findings were "arbitrary, capricious, or patently absurd," in such a way that they "result[ed] in a manifest miscarriage of justice." (*People v. Limon* (2009) 179 Cal.App.4th 1514, 1518, citing *People v. Shaw* (1998) 64 Cal.App.4th 492, 496.) No such abuse of discretion has been shown on this record.

In this case, the trial court held a hearing on defendant's motion to vacate. At the hearing, the trial court acknowledged that the plea form included the warning language about deportation. The court however, noted, "The question is whether or not anyone said anything else about that, whether the judge—I didn't see the judge saying anything. The judge did say you'll be on probation. You can get four years, but I don't think the judge ever mentioned you can be deported if you're not a citizen." Later in the proceedings, the court also noted that when defendant pled guilty, the court "didn't say, did you initial that, did you read it, do you understand it and, secondly, do [you] understand, which I would do, is that you can be deported or you will be deported because it's an aggravated felony. So that wasn't stated." The court went on to say, "In this case, I didn't see the judge asking. I always do that, by the way, whether it's a misdemeanor or felony. 'Did you read and understand the questions? Are the answers true and correct to the best of your knowledge? Do you have any questions about it?' [¶] So in this case, the judge didn't ask, there's a form, do you understand it? He didn't say,

6

did you sign and initial?  Did you read and understand?  Those two questions are not in the record.  That's why I'm having some concerns."

After listening to further argument from both the prosecutor and defense counsel, the court noted, "So looking at the overall picture in this case, that would be a reason I would grant this.  But what I want to make sure [defendant] understands he may end up with three or four years in state prison, instead of the probation that he got, if he gets convicted and he may end up with the same consequences.  I'm not relieving and dismissing the case, I'm simply setting it aside because in my view, looking at the whole picture in this case, including his declaration under penalty of perjury, he didn't really understand the consequences of immigration, what would happen with immigration.  He definitely would be deported and that a—the plea he took, not only [may] but definitely would get him deported."

In properly applying the standard of review, an appellate court must uphold the trial court's reasonable inferences and resolution of factual conflicts if supported by substantial evidence, viewed in the light most favorable to the ruling, and must also accept the court's credibility determinations.  (*People v. Quesada* (1991) 230 Cal.App.3d 525, 533.)  The trial court's inferences and conclusions here are supported by substantial evidence.

Another trier of fact might have heard the same evidence and reached the opposite conclusion.  However, we are bound to view the evidence in the light most favorable to the trial court's conclusion.

Nothing in the language of section 1016.5, or in case law, explicitly requires that the record of an immigration consequences admonishment be expressly noted in the court's minutes. However, even if no express record on the minutes is necessarily *required*, the absence of any mention in the minutes does provide some evidentiary support for a conclusion that no such admonition was in fact given. Although a court "*may* rely upon a defendant's validly executed waiver form as a proper substitute for a personal admonishment," (*People v. Panizzon* (1996) 13 Cal.4th 68, 83), and probably will in most cases, it is not necessarily required to do so.

In sum, while this is not the decision we would have made on this cold record, it is not our decision to make, and we cannot substitute our discretion for that of the trial court. The appellant has failed to demonstrate that the trial court abused its discretion in making its ruling.

## DISPOSITION

For the reasons stated, the trial court's ruling is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER _____
J.

We concur:

McKINSTER _____
Acting P. J.

CODRINGTON _____
J.