Filed 8/18/16  P. v. Saldana CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D069262 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD261102) |
| VICTOR SALDANA, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, Michael S. Groch, Judge.  Affirmed.

Jordan H. Schweller for Defendant and Appellant.

Kamala D. Harris, Attorney General, Julie L. Garland, Assistant Attorney General, Peter Quon, Jr., and Stacy Tyler, Deputy Attorneys General, for Plaintiff and Respondent.

Victor Saldana appeals from an order denying his motion to withdraw his guilty plea to transportation of methamphetamine (Health & Saf. Code, § 11379, subd. (a)), not

for personal use (Pen. Code,[1] § 1210).  Saldana contends the court failed to give him the opportunity to consult with an immigration attorney before accepting his plea, as required by section 1016.5.  We affirm.

FACTUAL AND PROCEDURAL BACKGROUND

A.  *Charges*

In November 2014 the San Diego County District Attorney filed a felony complaint charging Saldana with violating Health and Safety Code sections 11378 (possession for sale of a controlled substance), 11351 (possession for sale of a controlled substance), and 11358 (cultivating marijuana).  Saldana pleaded not guilty.

In March 2015 Saldana was charged by felony complaint with sale or transportation of methamphetamine in violation of Health and Safety Code section 11379, subdivision (a).

B.  *Guilty Plea*

In May 2015 Saldana agreed to plead guilty to violating Health and Safety Code section 11379, subdivision (a), not for personal use within the meaning of Penal Code section 1210, subdivision (a).[2]  In exchange, the district attorney's office agreed to dismiss the first case in its entirety and to the imposition of formal probation.

---

[1]    All statutory references are to the Penal Code unless otherwise specified.

[2]    Before Saldana pleaded guilty, the section 1210 allegation was added to the complaint by interlineation.

According to Saldana's attorney, Saldana was born in Mexico, but has resided in the United States with a green card as a legal permanent resident. Before pleading guilty, Saldana initialed numerous boxes on the plea form, including the following:

> **"CONSEQUENCES OF PLEA OF GUILTY OR NO CONTEST** [¶] . . . [¶] 7d. I understand that if I am not a U.S. citizen, this plea of Guilty/No Contest may result in my removal/deportation, exclusion from admission to the U.S. and denial of naturalization. Additionally, if this plea is to an 'Aggravated Felony' listed on the back of this form, then I **will** be deported, excluded from admission to the U.S., and denied naturalization."

The page of the guilty plea form entitled "Aggravated Felonies" states in part:

> "Any conviction of a non-citizen for an 'Aggravated Felony' . . . will result in removal/deportation, exclusion, and denial of naturalization. [¶] 'Aggravated Felonies' include . . . the following crimes . . . . [¶] . . . [¶] [4.(e)] Transportation of any controlled substance." (Boldface omitted.)

At the end of the plea form, Saldana signed on the line designated for the defendant, which states immediately above the signature line:

> "I declare under penalty of perjury that I have read, understood, and initialed each item above and any attached addendum, and everything on the form and any attached addendum is true and correct."

Saldana's retained attorney then signed on the signature line designated for defense counsel, which states immediately above the signature line:

> "I, the attorney for the defendant in the above-entitled case, personally read and explained to the defendant the entire contents of this plea form and any addendum thereto. I discussed all charges and possible defenses with the defendant, and the consequences of this plea, *including any immigration consequences*. I personally observed the defendant fill in and initial each item, or read and initial each item to acknowledge his/her understanding and waivers. I

3

observed the defendant date and sign this form and any addendum.  I concur in the defendant's plea and waiver of constitutional rights." (Italics added.)

Immediately before accepting the plea, the trial court asked Saldana, "[H]as anyone put pressure on you to get you to plead guilty?"  Saldana replied, "No."  The court asked Saldana, "Before you signed the change of plea form, did you read it entirely and understand it completely?"  Saldana answered, "Yes, sir."  The court also asked Saldana, "Did you discuss your case with your attorney, including the elements of the offense and any possible defenses and all consequences of pleading guilty?"  Again, Saldana replied, "Yes, sir."  Saldana acknowledged that his attorney answered "all" his questions.

The court also advised Saldana of immigration consequences of his plea, and Saldana affirmed he understood such consequences, as follows:

> "The Court:  If you're not a U.S. citizen, your plea today will result in your removal or deportation or exclusion from admission or denial of naturalization.  Do you understand that?

After Saldana pleaded guilty to transporting methamphetamine in violation of Health and Safety Code section 11379, subdivision (a), not for personal use, the court found the plea "has been knowingly, intelligently, and voluntarily made."

C. *Motion to Withdraw Plea*

Section 1016.5 provides in part:

> "(a) Prior to acceptance of a plea of guilty or nolo contendere to any offense punishable as a crime under state law, except offenses designated as infractions under state law, the court shall administer the following advisement on the record to the defendant:

> "If you are not a citizen, you are hereby advised that conviction of the offense for which you have been charged may have the

4

consequences of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States.

"(b) *Upon request*, the court shall allow the defendant additional time to consider the appropriateness of the plea in light of the advisement as described in this section."  (Italics added.)

Before sentencing, Saldana filed a motion to withdraw his plea under section 1016.5.  Saldana asserted the court incorrectly admonished him about the consequences of his guilty plea by stating his plea "*will* result" in removal or deportation or exclusion from admission or denial of naturalization, whereas section 1016.5, subdivision (a) provides the court should advise a defendant,"[C]onviction of the offense for which you have been charged *may* have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization."  (Italics added.)  Saldana also argued the court violated section 1016.5 by not offering or allowing him additional time to consider his plea in light of the immigration consequences.

The court denied Saldana's motion to withdraw his plea, stating, "I don't see it as even close."  The court suspended imposition of sentence and placed Saldana on three years' probation.

D.  *Certificate of Probable Cause*

In October 2015 Saldana filed a request for a certificate of probable cause and a notice of appeal.  In November 2015 the trial court denied his request for a certificate of probable cause.

On November 23, 2015, this court entered an order limiting the issues cognizable in this appeal, stating:

5

"Appellant's request for a certificate of probable cause was denied and, as part of his plea, he waived issue relating to any suppression motion denials and to any prior strike convictions. The issues on appeal are thus limited to sentencing questions or other matters occurring after the plea that do not involve prior strike convictions."

DISCUSSION

I. *THE COURT DID NOT ABUSE ITS DISCRETION IN DENYING SALDANA'S MOTION TO WITHDRAW HIS PLEA*

A. *Section 1016.5 and the Standard of Review*

Before accepting a guilty plea, a trial court is required to explain to a defendant on the record that "if the defendant is not a citizen of this country, conviction of the charged offense 'may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization . . . .'" (*People v. Arriaga* (2014) 58 Cal.4th 950, 957 (*Arriaga*); § 1016.5, subd. (a).)

Section 1016.5, subdivision (b) provides that "[u]pon request," the court shall give the defendant additional time to consider his plea. This part of section 1016.5 "contemplates a period during which the defendant, without risking the loss of the existing plea bargain, can reconsider its value in light of the immigration consequences that will result from it and attempt to negotiate a different bargain that will not have the same consequences." (*People v. Martinez* (2013) 57 Cal.4th 555, 562.)

Section 1016.5, subdivision (b) also provides that if the court fails to advise the defendant as required, and the defendant shows that conviction of the offense to which he or she pleaded guilty may result in deportation, exclusion from admission to the United States, or denial of naturalization, "the court, on defendant's motion, shall vacate the

6

judgment and permit the defendant to withdraw the plea of guilty . . . and enter a plea of not guilty."

"To prevail on a section 1016.5 motion, a defendant must establish (1) that the advisements were not given; (2) that the conviction may result in adverse immigration consequences; and (3) that the defendant would not have pled guilty or no contest had proper advisements been given." (*Arriaga*, *supra*, 58 Cal.4th at pp. 957-958.)

We review an order denying a section 1016.5 motion to vacate the judgment for abuse of discretion. (*People v. Superior Court* (*Zamudio*) (2000) 23 Cal.4th 183, 192.) Under this standard, this court decides "'whether the trial court's findings of fact are supported by substantial evidence, whether its rulings of law are correct, and whether its application of the law to the facts was neither arbitrary nor capricious.'" (*People v. Clancey* (2013) 56 Cal.4th 562, 578.) It is Saldana's burden to show the court exercised its discretion in an arbitrary, capricious, or patently absurd manner that resulted in a manifest miscarriage of justice. (See *People v. Limon* (2009) 179 Cal.App.4th 1514, 1518.)

B. *No Certificate of Probable Cause Is Necessary*

"The right to appeal from a final judgment of conviction based on a plea of guilty . . . is subject to certain limitations, including first obtaining a certificate of probable cause from the trial court." (*Arriaga, supra,* 58 Cal.4th at p. 958.) "A certificate of probable cause for appeal should not be issued if the intended appeal is 'clearly frivolous and vexatious.'" (*Ibid.*)

7

Here, the court denied Saldana's request for a certificate of probable cause. In his brief, Saldana's attorney states, "[t]his case hinges" on whether we can consider the merits of Saldana's motion to withdraw his plea in the absence of a certificate of probable cause.

Citing *People v. Placencia* (2011) 194 Cal.App.4th 489 (*Placencia*), Saldana states, "a certificate of probable cause is required for an appellant to appeal the denial of a [section] 1016.5 motion."[3] However, he contends the court's ruling on his motion to withdraw his plea is nevertheless reviewable because the court's order denying his request for a certificate of probable cause "was ambiguous as to the parameters of the appellate issues." As evidence of that ambiguity, Saldana's brief quotes the following as the "[t]rial [c]ourt" order:

> "Appellant's request for a certificate of probable cause was denied and, as part of his plea, he waived issues relating to any suppression motion denials, and to any prior strike convictions. The issues on appeal are thus limited to sentencing questions or other matters occurring after the plea that do not involve prior strike convictions."

Saldana is correct that we may reach the merits even without a certificate of probable cause, albeit for reasons other than the ones he asserts. In *Arriaga*, *supra,* 58 Cal.4th 950, the California Supreme Court disapproved *Placencia*, holding a certificate of probable cause is not required to appeal from an order denying a motion to vacate under section 1016.5. (*Arriaga, supra,* 58 Cal.4th at pp. 955, 960 & fn. 2.) The Attorney General concedes this is controlling law, noting that although Saldana "does not make

---

3      Saldana's brief incorrectly states *Placencia* is a "Supreme Court" case. Actually, Division Six of the Second District decided *Placencia*.

that argument," in *Arriaga* "our state's high court held that a defendant need not obtain a certificate of probable cause prior to appealing a trial court's denial of a motion" under section 1016.5.[4]

C. *The Court Did Not Abuse Its Discretion*

On appeal, Saldana contends the court violated section 1016.5 by not affording him an opportunity to consult with an immigration attorney after the factual basis for his plea was changed by adding "not for personal use" to the charge of transporting methamphetamine. He contends he was "understandably confused about his future ability to remain in the United States."[5]

The court did not abuse its discretion in denying Saldana's motion to set aside his guilty plea. The record shows Saldana was twice advised of the immigration consequences of his plea. He signed the plea form and initialed an advisement incorporating the required statutory language. (See *People v. Ramirez* (1999) 71 Cal.App.4th 519, 522-523 [concluding a written advisement of immigration consequences contained in a change of plea form and signed by the defendant satisfies section 1016.5's requirements].) Additionally, the court recited the immigration

---

[4]    In addition to failing to realize the Supreme Court disapproved *Placencia*, Saldana's brief also incorrectly states it was the trial court that entered the order he characterizes as being "ambiguous." The trial court did not enter that order; this court did.

[5]    In the trial court, Saldana also argued the court's oral admonishment that his plea "will result" in adverse immigration consequences failed to comply with section 1016.5, subdivision (a), which provides the court shall advise that conviction "may have" specified immigration consequences. Saldana does not repeat that argument on appeal.

consequences at Saldana's plea hearing, and he confirmed his understanding of that advisement.  This satisfies the section 1016.5 requirements.

Furthermore, we reject Saldana's contention that he was "not afforded an opportunity to consult with an immigration attorney . . . ."  Section 1016.5 imposes no obligation on the trial court to affirmatively ask a defendant if he has any questions, needs more time to consider the plea, or is confused.  To the contrary, section 1016.5, subdivision (b) provides, "*Upon request*, the court shall allow the defendant additional time to consider the appropriateness of the plea in light of the advisement as described in this section."  (Italics added.)  Saldana cites nothing in the record indicating he made any such request.  Indeed, Saldana affirmatively indicated he had no questions, no concerns, and did not need any more time to consider his plea.  After the trial court admonished, "If you're not a U.S. citizen, your plea today will result in your removal or deportation or exclusion from admission or denial of naturalization.  Do you understand that?"— Saldana unequivocally replied, "Yes, sir."  The trial court did not abuse its discretion in failing to honor a request for additional time that Saldana never made.

DISPOSITION

The order is affirmed.

_____
NARES, J.

WE CONCUR:


_____
HUFFMAN, Acting P. J.


_____
HALLER, J.